ALBANY,
January 30,
1827.

John Law and Andrew Nelson, plaintiffs in error, against James Jackson, ex dem. Jacob Lansing, defendant in error.

Law
v.
Jackson.

A bill of exceptions must be signed by the judge who tries the cause.

Where a cause was tried by a circuit judge, and the verdict was subject to a case to be turned into a bill of exceptions, which was done in form, but the bill signed by the chief justice; the court of errors, even after assignment of errors and issue and argument, refused to decide the cause upon the matters in the bill, considering it a nullity.

But they allowed the assignment of errors to be withdrawn, on payment of costs; that the plaintiffs in error might move to have the bill corrected in the court below; and bring it up on certiorari. *Semb.* it would have been otherwise, if they had decided on the merits.

[*747]

*Semble*, they would not have relieved, if there had been no mistake of practice. *Dillon* v. *Doe*, in Exch. ch. note (a) at the end of this case. In that case the party brought error before the bill was signed. *Held*, that he had waived it, and could not be relieved.

The court of errors, in *Osgood* v. *The Manhattan Co.*, allowed an assignment of errors to be withdrawn, in order to move the supreme court to amend continuances, which was done, and the amended record brought up by certiorari. Per Jones, chancellor. 1 Cowen, 65, S. C.

The supreme court will allow an original writ to be filed and certified, after the want of it is assigned for error. Per Jones, chancellor.

Hence the present want of a paper below will not prevent a certiorari from being awarded by the court of error. It is enough that they see that the court below may authorize the paper sought by the certiorari. Per Jones, chancellor.

A stipulation to turn a case into a bill of exceptions or special verdict will be enforced by the supreme court. Per Jones, chancellor.

In turning a case into a special verdict the court must settle the facts to be found by it, if the parties disagree; thus performing the office of a jury. Per Jones, chancellor.

The judge who tried the cause must turn the case into a bill of exceptions. Per Jones, chancellor.

This cause was tried on the 14th of July, 1823, before Walworth, (then) C. Judge; and a verdict rendered for the plaintiff below, subject to the opinion of the supreme court, on a case to be made, with liberty to either party to change it into a special verdict or bill of exceptions. The case was heard at bar, and judgment rendered for the plain-

ALBANY,
January, 30,
1827.
Law
v.
Jackson.

tiff. The bill of exceptions was then settled by the chief justice, from the case; and signed and sealed by him, instead of the circuit judge.

The cause was argued before this court, at the last September session, in New York, on the bill so signed; and after deliberating upon it, the court, at the subsequent December session, refused to pass upon the merits, on the ground that the circuit judge should have signed and sealed the bill : that the bill, being signed by the wrong judge, was a nullity; and nothing, therefore, before the court.

A motion was now made, in behalf of the plaintiffs in error, for relief, the nature and disposition of which motion will appear by the opinion of the court. (Vid. 5 Cowen, 248, S. C.)

[*748]

*JONES, Chancellor, delivered the opinion of the court. This is a motion for leave to withdraw the assignment of errors, with a view to allege diminution, and pray a certiorari to the supreme court, to certify to this court the bill of exceptions supposed to remain in that court.

Object of motion.

Opposition is made to the motion, on grounds that well deserve the consideration of the court. The objection of the most serious aspect is, the deferred period of the application. The cause has been heard, and the court has taken time to make up an opinion upon it. The difficulty which occasions the present application, was made at the hearing; but the party whom it affected took no step to remove it; and now, when he finds it an insuperable bar to his relief, he applies to the court to delay its judgment, for the purpose of giving him an opportunity to obviate it by bringing up the record, which ought to have been sent in the first instance. These objections would probably have been conclusive, if the decision of this court had been upon the merits. If the record had been such as to enable us to consider the points adjudicated by the supreme court, and intended to be reviewed, though the case might have been defectively or partially presented, and the question have come up disadvantageously to one of the parties, the court

Objections.

Delay.

must have held him concluded, and could not have listened to his complaint.

.    But the merits of this case have not been brought before the court, and could not be considered. If we proceed now to give judgment on the record before us, the judgment of the court will be upon a record which never was before the supreme court for their consideration; and no one question in controversy between the parties before that court, or in this, will be touched by the decision. It is true, that the return to the writ of error presents us with the record of a judgment perfect in itself; but it is equally true, that the record so presented is a mere form; and that the question intended to be reviewed by this court, could not appear upon that record, but must be embodied in another and a distinct record, containing the bill of exceptions taken at the trial of the cause. , We cannot *shut our eyes to this state of the cause. The return to the writ of error, though informal and substantially defective, distinctly shows what was intended by the parties, and by the supreme court. The history of the case, as collected from that return, is this: that the parties at the trial made a case for the opinion of the supreme court, with liberty to either of them to turn that case into a special verdict or bill of exceptions, for the purpose of bringing the questions of law which it involved before this court, for ultimate decision. We have before us the written consent of both the parties to that arrangement. It appears that the case was argued before the supreme court, and a judgment rendered by that court upon it. It would seem that the failing party then elected to turn the case into a bill of exception; and a writing, purporting to be the record of a bill of exceptions, is annexed to the writ of error as a part of the return to it. But that document cannot be the true bill of exceptions, for it does not conform to the direction of the statute, being sealed by the chief justice of the supreme court, and not by the judge who tried the cause; and it is moreover in itself informal and imperfect. It is to bring up the record of the bill of exceptions, which the circuit judge who tried the cause allowed, that the plaintiff in error wishes the cer-

[*749]

Facts.

tiorari he contemplates moving for. If the want of that record had been alleged for diminution, before the assign·ment of errors, the certiorari would have issued of course; and if application had been made for leave to withdraw the assignment of errors, for the purpose of alleging diminution, at any time before the argument, the court, on reasonable cause shown for it, would have granted it.

The difficulty is, that this application comes after argument; but I incline to think that we ought, under the special circumstances of this case, to relieve the party, even at this late stage of the cause. My reason is, that the court has not, in fact, had the record before it which the parties intended to bring up, and upon which they have argued. There is no record of any bill of exceptions before *this court. It follows, that either the agreement of the parties to turn the case into a special verdict or bill of exceptions, has not been carried into execution, or the bill of exceptions yet remains in the supreme court. If the agreement has not been carried into execution, it yet remains to be executed, and I must intend that it will be carried into effect by the parties to it; and if it has been executed, and the case turned into a bill of exceptions, then the returning officer has neglected to send up the bill of exceptions to this court, and has sent, in its place, a substitute which we cannot receive. In either case, a *certiorari* must go to bring before us the record on which we are to act, or no judgment can be rendered by this court upon the questions which have been decided by the supreme court. I am not willing to place the adjudication of this court upon the record of the judgment of the supreme court alone, because I know that judgment, separately from the bill of exceptions, to be mere form, and not intended to present any question for the decision of this court.

It is said that the party acted at his peril, in bringing up an improper record, and ought to be concluded by the act; but the difficulty is, that he has not brought up an imper·fect or defective record of a bill of exceptions. He has brought up no bill of exceptions at all; but the case itself, which was to be turned into a bill of exceptions. It may

[*750]

be the right of the plaintiff in error to have the case turned into a bill of exceptions; and if difficulties should occur in settling it, he may be entitled to the aid of the court to which the jurisdiction belongs, for the removal of them. But we have no power to substitute any other record for that which is now before us, and viewing the record now before us as the return of the case itself, and not the judgment which the supreme court gave upon the case, (for I put the mere formal record of judgment out of the question,) I should, if obliged to give a decision upon it, be inclined, if at liberty to do so, to assimilate it to a writ of error brought upon affidavits, and dismiss or quash the writ. There may be difficulties in giving the case that direction; and as I cannot reconcile it to my sense of propriety, *unless from imperious necessity, to pronounce a judgment of affirmance without deciding upon the merits, when I feel satisfied that both parties intended that the decision should be upon the merits, and when the judgment might possibly be peremptory and conclusive, I prefer granting the application for leave to withdraw the assignment of errors, in the hope that the bill of exceptions may be brought up, and this court be enabled to examine and decide the questions it may present for adjudication.

It is objected that this court cannot, in the sound exercise of its discretion, take that course; and authorities are cited, to show that similar applications have been refused by other courts of appellate jurisdiction. I have seen no authority going to deny the power of the court to grant the motion, and the jurisdiction must be admitted. It is a question of sound discretion: and I cannot persuade myself that we should act more discreetly, by rendering a judgment without examining the merits of the case, than to put the cause in a course to enable us to adjudicate upon its merits; nor do I think the defendant in error has any right to insist on a judgment. I attach no greater importance to his right to judgment on this record, than I should to the claim of a party to the judgment of the court against his adversary, because the suit was wrongly entitled, or some trivial error had crept in the record. He has a right

*Margin notes:*

ALBANY, January 30, 1827.

Law v. Jackson.

[*751]

Want of power in this court.

The question is one of discretion.

ALBANY,
January 30,
1827.

Law
v.
Jackson.

Osgood v.
Manhattan Co.
1 Cowen, 65,
3 id. 612.

History of
this case by
JONES, Chan-
cellor, so far
as it relates to
the practice of
the court of
error.

[*752]

Court of er-
rors allowed
assignment of
errors to be
withdrawn, in
order to the
amendment of
a record be-
low, to be
brought up by
certiorari.

Sup. court al-
low original
writ to be filed
nunc pro tunc,
after its want
is assigned for
error and then
certify it on
certiorari.

to the judgment of the court, if in his favor, on the merits, but he has no right to a judgment on mere matters of form. It is in the discretion of the court to allow defects of form to be corrected or supplied ; and this court, in the case of *Osgood* v. *The Manhattan Company*, (1 Cowen, 65 ; 3 Cowen, 612, S. C.) acted upon that principle. In that case, there was an interval of several terms between the return of the postea and the rendition of judgment; and the defendant in error, who was the plaintiff below, had made up the record without inserting the continuances, whereby it appeared on the face of the record, that the statute of limitations had attached, and the writ of error was too late. A motion was made to quash the writ on that ground ; and as the plaintiffs *in error had assigned errors, and could not gainsay the record, the motion could not be resisted. The counsel for the plaintiffs in error, under these circumstances, applied to the court for leave to withdraw the assignment of errors, and for a *certiorari* to bring up the record with the continuances, and the court granted the motion. The consequence was, that an application was made to the supreme court, at the next term of that court, to amend the record by inserting the continuances. The motion prevailed, (1 Cowen, 65,) and the court of errors, at its next session, heard the cause and reversed the judgment. (3 Cowen, 612.)

That case is a precedent for the one now before us; and it shows that another objection made to this application, that there is no bill of exceptions in the court below to be sent up, is of no avail. There was no record in that case with the continuances upon it; and the party was obliged to apply to the supreme court for leave to file one *nunc pro tunc.* So in the common case of the want of an original alleged for dimunition, it is the constant practice of the supreme court, after error brought and dimunition alleged, to order an original writ to be filed *nunc pro tunc,* and then to certify that writ to the court above, upon the *certiorari.*

The same course may be taken in this cause. If the case has not been yet turned into a bill of exceptions or

special verdict, we are to intend that the supreme court will form a special verdict, or that the circuit judge will seal a bill of exceptions, which the *certiorari* will bring up to us. We are to intend that this will be done, because it is the right of the plaintiff in error to require it. His right rests upon the stipulation of the parties; and unless he has waived the right he reserved by the stipulation, or has otherwise lost the benefit of that stipulation, the proper court or judge will see that it is made available to him. It is true, that the other party may show that he has waived or lost the benefit of it; but that is not a matter for inquiry in this court. The defendant in error will be liberty to urge the objection in the court or before the judge, to whom it belongs to act upon the application which the plaintiffs in error may be advised to make; and to that forum this court must refer him.

ALBANY.
January 30,
1827.

Law
v.
Jackson.

*A stipulation to turn a case into a bill of exceptions or special verdict will be enforced by the court.*

[*753]

I cannot take notice of the suggestion that no exception was taken at the trial. The written stipulation admits that exceptions were taken; and the party cannot be allowed to make an averment in contradiction to his own admission. Nor can I admit the force of the objection arising from the difficulty of forming a special verdict or bill of exceptions. The parties have agreed that the case shall be turned into a special verdict or bill of exceptions, and they must abide by their agreement. It is too late to object that they might have gone to the jury on the questions of fact. They have waived the right to do so. If that objection could avail, it would apply to every case where a verdict is taken by consent, subject to a case. But the objection cannot prevail. The parties must abide by their stipulation. There may be difficulty in making up the special verdict or adjusting the bill of exceptions; but the court, if the case is to be turned into a special verdict must perform the duty of the jury, and settle the facts for the parties, if they disagree; and if the case is to be turned into a bill of exceptions, the circuit judge must, in like manner, in case of the disagreement of the parties, state the evidence, the points made by the parties, and his opinion upon them.

*In making up a special verdict from a case, the court must settle the facts to be found by it, if the parties disagree: If the case is to be turned into a bill of exceptions, the circuit judge must settle it.*

ALBANY,
January 30,
1827.
———
Law
v.
Jackson.

Cases may occur, where the difficulty of doing this may be insurmountable ; but this court can never know whether such difficulties exist or not. It will be for the plaintiff in error to procure the court to settle the special verdict, or the circuit judge to sign the bill of exceptions ; and if he is unable to effect that object, he will lose the benefit of his writ of *certiorari*, and judgment must go against him. Upon the whole, I see no controling objection to giving to the plaintiff in error an opportunity, if in his power, to bring up the bill of exceptions in a proper form, to enable this court to adjudicate upon it ; and I am *there-[\*754] fore of opinion, that his application, for leave to withdraw his assignment of errors ought to be granted.

RULE. " That the plaintiffs have leave to withdaw the assignment filed in this cause, on payment of costs."(a)

(a) But the decision of this motion would doubtless have been different, if the party applying had labored under no mistake of practice. This appears by the following case in the Exchequer Chamber in England, by whose practice our court of errors expressly govern themselves, in all cases where their own rules are silent.

In the EXCHEQUER CHAMBER, Trin. Term, 1822.

DILLON v. DOE, dem. PARKER, 1 Bing. Rep. 17.

If a party who at the trial of a cause, has tendered a bill of exceptions, brings a writ of error before he has procured the judge's signature to the bill, the parties not being able to agree on its terms, he thereby waives the bill of exceptions, and will not be permitted by the court of error, after-

At the trial of this cause, a bill of exceptions had been tendered ; but a verdict having been found for the defendant in error, he entered up judgment in the term succeeding the trial. The plaintiff in error immediately removed the cause into this court, by writ of error ; but could not agree with the defendant in error as to the terms of the bill of exceptions, so that the judge's signature had never been obtained ; and now, when a year had elapsed since the commencement of the suit in error, when the common assignment of errors had been made, and issue joined thereon.

*Chitty*, on the behalf of the plaintiff in error, moved for a rule to show cause why the defendant in error should not be compelled to settle the bill of exceptions, and why it should not be appended to the writ of error.

*W. E. Taunton*, who opposed the rule, pointed out the delay which a plaintiff in error might occasion, if, after lying by for a 12 month, he could succeed in such an application. He coutended that the court had no jurisdiction to cause any thing extraneous to be appended to the writ of error ; and

cited *Wright* v. *Sharp*, (Salk. 288,) to show the jealously with which proceedings of this nature are watched.

The court thought the plaintiff in error had waived his bill of exceptions, by bringing a writ of error before the bill of exceptions was signed; and that they had no authority to take the step which the plaintiff in error proposed, Chitty, therefore,

Took nothing by his motion.