### WHEELER *v*. FICK.

#### (*Supreme Court of New Mexico.   January 8, 1887.*)

APPEAL— BILL OF EXCEPTIONS AND RECORD — TRIAL JUDGE TO SETTLE —SUCCESSOR NOT
AUTHORIZED.

The record and bill of exceptions must be settled by the judge who heard the
case, and a judge who succeeds the trial judge, and has not heard the case, has no
authority, under the rules of the supreme court of New Mexico, to settle or sign the
same.

Error to district court, Colfax county.

*Frank Springer*, for defendant in error, Fick.

It is the universal practice, both at common law and under codes, that the
*memoranda* of matters excepted to be taken at the time of the occurrence,
and that these be formally embodied in a bill signed by the presiding judge
during the term, or within some short time thereafter, while the recollection
is yet fresh.   The New Mexico statute requires the bill to be signed within
30 days after judgment, unless the time is enlarged by the court or judge.
Comp. Laws, § 2198.   This court has limited the time to 10 days after entry
of judgment, unless the time is extended by the court.   Rule 24.   It was
never intended to authorize a practice so vicious as has been attempted by the
plaintiff in error in this case.   The remarks of Chief Justice MARSHALL on
this point are very appropriate:  "The court will observe that there is some-
thing in this proceeding which they cannot, and which they ought not to,
sanction.   A bill of exceptions is handed to the judge several weeks after the
trial of the cause, and he is asked to correct it from memory.   The law requires
that a bill of exceptions should be tendered at the trial.   But the usual prac-
tice is to request the judge to note down in writing the exceptions, and after-
wards, during the session of the court, to hand him the bill of exceptions, and
submit it to his correction from his notes.   If he is to resort to his memory,
it should be handed to him immediately, or in a reasonable time after the
trial.   It would be dangerous to allow a bill of exceptions of matters depend-
ent on memory, at a distant period, when he may not accurately recollect
them, and the judge ought not to allow it."   *Insurance Co.* v. *Lanier*, 95 U.
S. 171.   See, also, *Consaul* v. *Liddell*, 7 Mo. 250; *Williams* v. *Ramsey*, 52
Miss. 859; *Rankin Co. Sav. Bank* v. *Johnson*, 56 Miss. 125; *Myer* v. *Binkle-
man*, 5 Colo. 133.

The authorities as to the relative duties and powers of the ex-judge and
the incumbent judge, in cases of this kind, are considerably at variance.   In
Michigan it has been held that where a party has lost his exceptions by death,
resignation, or removal of the judge, he shall have a new trial.   *Scribner* v.
*Gay*, 5 Mich. 512; followed in *Van Valkenburg* v. *Rogers*, 17 Mich. 322; *Tefft*
v. *Windsor*, Id. 425; *Tucker* v. *Tucker*, 26 Mich. 443; *Crittenden* v. *Schermer-
horn*, 35 Mich. 370.

In Indiana, under the provision of the statute, several cases decide that an ex-judge cannot sign a bill of exceptions. *Smith* v. *Baugh*, 32 Ind. 163; also *Ketcham* v. *Hill*, 42 Ind. 64; *Toledo, etc., Ry. Co.* v. *Rogers*, 48 Ind. 427; *McKeen* v. *Boord*, 60 Ind. 280. But these cases lose sight of the distinction which exists between "settling" the facts, and formally signing and sealing the bill; and their reasoning is somewhat shaken by the later case of *Lee* v. *Hills*, 66 Ind. 474–482.

The supreme court of Wisconsin has held just as positively that it is for the judge who tried the case to settle the bill of exceptions, though out of office. *Fellows* v. *Tait*, 14 Wis. 156; *Davis* v. *Menasha*, 20 Wis. 205; *Hale* v. *Haselton*, 21 Wis. 325.

In Pennsylvania a judge out of office may be compelled by *certiorari* to sign and seal a bill of exceptions. *Galbraith* v. *Green*, 13 Serg. & R. 86.

In Arkansas, where a case is tried before a special judge, he is the proper one to sign a bill of exceptions, and not the regular judge; and, if signed by the latter, it is a nullity. *Watkins* v. *State*, 37 Ark. 370. So in Illinois. *David* v. *Bradley*, 79 Ill. 316.

These last authorities are in harmony with the principle laid down in Tidd's Practice, (page 863,) that bills of exception must be signed by the judge before whom the case was tried. See, also, *Law* v. *Jackson*, 8 Cow. 746.

In New Mexico the practice is governed by the rule of the supreme court. There is no authority, either in the statutes or rules, for settling a bill of exceptions upon affidavits. When rule 24 declares that the record and bill of exceptions shall be submitted, etc., "to the district judge, *before whom the judgment was obtained, for settlement*," it does not mean that some other judge, before whom the judgment was not obtained, and who has no personal knowledge of what occurred upon the trial, shall try and determine, for purposes of review, upon *ex parte* statements, what was the true history of the trial outside of the record. Our rule adopts the Wisconsin and Pennsylvania practice in preference to that of Michigan and Indiana, and that is the end of discussion on the subject.

*Fiske & Warren*, for plaintiff in error, Wheeler.

BRINKER, J. This is a motion to strike out the record and bill of exceptions. On the thirtieth day of April, 1885, plaintiff recovered a judgment in the district court of Colfax county against defendant, in an action of *assumpsit*, for the sum of $1,800. On the same day defendant filed his motion for a new trial, which was then overruled, and leave was given him until the first day of the next term to prepare his proposed record and bill of exceptions. On May 25th, Hon. S. B. AXTELL, the judge of the district court, resigned. On June 10th, Hon. WILLIAM A. VINCENT qualified as Judge AXTELL's successor. On December 9th, Hon. E. V. LONG qualified as judge of said court, succeeding Judge VINCENT.

The regular terms of the district court for Colfax county commence on the third Mondays of April and September in each year. Comp. Laws 1884, § 543; Acts 1884, p. 54, § 1. The defendant failed to prepare his proposed record and bill of exceptions on the first day of the September term. At all events he submitted none for settlement on that day, or during that term.

On December 24, 1885, the following stipulation was filed: "It is hereby stipulated and agreed by and between the parties to the above-entitled cause —*First*, that the plaintiff, Henry Fick, and defendant in error on review, by writ of error sued out in said cause from the supreme court of the territory of New Mexico, will enter his appearance in said cause in the said supreme court, and make no objection to the hearing of said cause and a decision thereon in said supreme court, because of the fact that the record and bill of exceptions, assignment of errors, and briefs of plaintiff in error in said cause

shall not be filed in said supreme court within the time provided by statute of the territory of New Mexico, and the rules of said supreme court; all objection to any such hearing and decision because said record, assignment, and brief on review shall not be filed in said supreme court within the time as now provided by law, and the rules of said supreme court, being hereby expressly waived, provided said record, assignment, and brief be printed and filed in the said supreme court on or before the tenth day of January, A. D. 1886."

On the same day Judge Long ordered that the hearing for the settlement of the proposed record and bill of exceptions, and the proposed amendments thereto, be had before him at chambers in Santa Fe on the thirtieth day of December, 1885, and that until that day both parties should have leave to file with the clerk affidavits in support of or against the correctness of such proposed record and bill of exceptions, and the proposed amendments thereto, and that, in accordance with the stipulation of the parties that day filed, all exceptions or objections to the time within which the record, assignment of errors, and brief of counsel for plaintiff in error should be filed in the supreme court were waived, and that that order and the stipulation should be made a part of the record. The plaintiff then and there objected to Judge Long settling the record and bill of exceptions, for the reason that he had no authority to do so, the cause not having been tried before him, and he having no personal knowledge of what took place upon the trial. Judge Long overruled these objections, and stated that he would settle the bill of exceptions upon such affidavits as the parties should present. In pursuance of this order, the parties again appeared before him on December 30, 1885. The defendant submitted affidavits in support of his bill; plaintiff protesting against the regularity of the proceeding, and expressly stating that he waived no objections thereto; also submitted affidavits against said bill, and in support of his proposed amendments. The judge then settled and signed the record and bill of exceptions upon information derived solely from the affidavits and papers produced before him, and without any personal knowledge of the proceedings had upon the trial, notwithstanding the continued objections of plaintiff.

In support of the motion it is contended that Judge Long had no authority to settle and sign the proposed record and bill of exceptions, because he did not preside at the trial, nor render the judgment. It is also insisted that the motion should be granted because the time allowed to defendant to prepare and submit the proposed bill had expired before the same was submitted, and before any application was made for an enlargement of the time. The stipulation does not affect this motion, and it will not be considered. If the first point be sustained, it will be decisive of this case, and render the examination and determination of the other unnecessary.

The authorities upon the question whether the retiring judge who presided at the trial, or his successor, should sign the bill of exceptions, are in irreconcilable conflict; many courts of high distinction holding that the ex-judge should sign the bill, and many others of equal distinction and respectability holding that the incumbent should perform that duty. Any attempt to deduce from these varying decisions a uniform rule must meet with disaster. Happily, we are relieved from this unwelcome task by the terms of our own rules. Rule 24, § 1, provides that "whenever it shall be intended to review, by appeal or writ of error, a judgment of the district court, a record of the pleadings and proceedings in the case containing a proposed bill of exceptions shall be proposed by the appellant, and a copy thereof served on the opposite party, or his attorney, within ten days after entry of judgment, unless the time is extended by the court; and the party served may, within ten days after such service, propose amendments to the proposed record and bill of exceptions, and serve a copy of such amendments on the appellant, who may

then, within five days thereafter, serve the appellee with a notice that the proposed record and exceptions, with the proposed amendments, will be sub-mittted, at a time and place to be specified in the notice, to the district judge *before whom judgment was obtained* for settlement. *The said judge* shall thereupon correct and settle the proposed exceptions, and determine what por-tion of the record of proceedings in the case shall be transmitted to the supreme court." The seventh section of this rule requires the appellant, after the proposed record and bill of exceptions shall have been settled and *signed* by the district judge, to file the same in the office of the clerk of the court.

This rule is founded upon the practice of the courts of New York, and is in harmony with their decisions. *Law* v. *Jackson*, 8 Cow. 746. And its re-quirement that the bill shall be settled and signed by "the judge before whom the judgment was obtained" is consonant with reason, and in line with the statute to which such bills owe their origin. 31 Westm. St. 2, (13 Edw. I.) "It will be observed," says Mr. Raymond in discussing this statute, "that the legislature did not direct that the court itself should enter the motion on rec-ord, * * * but they directed the party who dissented from the opinion ex-pressed by the court himself to state the ground of his complaint, and the judges to attest its truth and correctness,—a proceeding necessary to secure its au-thenticity; and this statement was to be taken by the court above as part of the record." Raym. Bills Ex. 9, (46 Law Lib.) "Whenever and wherever a judge can overrule any pleading, or disallow any matter of exception within the scope of the act, and by such overruling or disallowance exclude it from the record, then and there a bill of exceptions may be tendered to him; and, if is true, he is bound to seal it." Id. 18. "If the exception is truly and cor-rectly stated, the judge is bound to seal it." Id. 34; 3 Bl. Comm. 372; 2 Inst. 427. "If untruly stated, he may refuse to do so." Raym. Bills Ex. 34; *Duchess of Grafton* v. *Holt*, Skin. 354; S. C. Show. P. C. 126.

From these authorities, which announce no more than the familiar rule observed by the great majority of trial courts in this country, as well as in England, it is very clear that the judge, before he can sign and seal a bill of exceptions, must know it to be true, and certify by the act of signing and sealing to its truth. How can he conscientiously do this unless the proceed-ings set forth in it took place in his presence, as judge of the court, when they occurred? From these considerations, we cannot escape the conviction that Judge LONG could not legally know whether the proposed record and bill of exceptions were true or not, and that, therefore, he was not authorized to settle and sign the same. It follows that the motion must be sustained, and the said record and bill of exceptions be stricken from the files; and it is so ordered.

HENDERSON, J., concurs.

LONG, C. J. The bill of exceptions in this case was signed under great doubt as to the legal power to do so, in the belief that it was better to re-solve uncertainties in favor of the bill, and thus present the question—an important one in practice—to the whole bench. Upon careful examination, I fully concur in the foregoing opinion.