## John Bruce v. John P. Lord.

The acceptor of a draft, drawn upon him personally, and accepted by him, with the addition to his name of the words "Treasurer Neuvitas M. Co.," is *prima facie* personally responsible for the acceptance. Such an addition is only a *descriptio personarum*, and does not absolve him from personal responsibility.

In an action upon such an acceptance, he may discharge himself by showing that he accepted it as agent, and by authority of such company, and that the plaintiff was aware of the fact at the time of taking the draft. But the proof for this purpose must be of such a nature as would be sufficient to establish the liability of the company in an action against it upon the draft.

Authority to thus accept on behalf of a company cannot be proved by parol. It can be conferred only by a resolution of the board of directors, and the resolution must itself be produced. DALY, J., *dissenting.*

APPEAL by plaintiff from a judgment of the Marine Court. This was an action against the defendant as acceptor of a draft drawn upon him, and accepted in these words: "Accepted, John P. Lord, Treasurer Neuvitas M. Co., 31 Oct., 1854." Upon the trial parol evidence was offered by the defendant and admitted under the plaintiff's objection, for the purpose of showing that the draft was accepted by the defendant as treasurer, and by the

authority of the Neuvitas Mining Company. The nature of this evidence is fully stated in the dissenting opinion of Judge Daly. Judgment was rendered for the defendant, from which the plaintiff appealed.

*J. B. Auld,* for the appellant. I. It was necessary for the defendant to show authority from the Neuvitas M. Co. to accept for them. *Rossiter* v. *Rossiter,* 8 Wend. 494; *Atkinson* v. *St. Croix M. Co.,* 11 Shep. 171; *Moss* v. *Livingston,* 4 Coms. 208. II. Parol evidence was inadmissible for this purpose. *Hills* v. *Bannister,* 8 Cow. 31; *Tassey* v. *Church,* 4 Watts & Sergt. 346; *Moss* v. *Livingston,* 4 Coms. 208.

*Field and Sluyter,* for the respondents, cited *Mott* v. *Hicks,* 1 Cow. 513; *Rathbun* v. *Budlong,* 15 Johns. 1; *Pentz* v. *Stanton,* 10 Wend. 271; *Brockway* v. *Allen,* 17 ibid. 42; *Hicks* v. *Hinde,* 9 Barb. S. C. R. 528; *Watervliet Bank* v. *White,* 1 Denio, 608; *Babcock* v. *Beman,* 1 Kern. 202.

INGRAHAM, FIRST JUDGE.—The case of *Moss* v. *Livingston* (4 Com. 208) decides that an acceptance like the present bound the party making it personally, unless it appeared that he had authority from the company to bind them by such acceptance; and the case of *Brockway* v. *Allen* (17 Wend. 40) establishes that such an acceptance does not bind the party making it, if it appear that it was made by the authority of the company to bind them, and that the plaintiff had notice of such agency.

The facts necessary to establish this defence, under the case of *Brockway* v. *Allen,* are all sufficiently proven, except that of the defendant's authority. This was attempted to be shown by the drawer of the draft, who said that the defendant had authority to accept as secretary and treasurer; and by the testimony of Joseph L. Lord, who said that the defendant was secretary and treasurer, and had power to accept it; that he knew this, as he was present when the arrangement was made.

To this evidence the defendant's counsel excepted, upon the

Bruce v. Lord.

ground that the authority, if any existed, was in writing, and could not be proved by parol. A company cannot authorize a third person to bind them, except by a resolution of the board of directors. Such resolution being in writing can only be proven by its production, or by authority executed in pursuance of it. The plaintiff, before he was deprived of the right which the law gave him against the defendant as acceptor, was entitled to be furnished with proper evidence, by which he could establish such claim against the company. Mere parol proof that the defendant had, in the opinion of the witnesses, authority to bind the company, would never be held sufficient to make the company liable on such an acceptance, and it is not sufficient to defeat what otherwise would be a valid claim against the defendant. It may be that on another trial the defendant may be able to produce proper evidence to establish this defence; but, for the error above mentioned, I think the judgment should be reversed.

BRADY, J.—Concurred.

DALY, J. (dissenting).—In the indorsement of commercial paper, any qualification accompanying the signature of the indorser, such as *agent*, which was the case in *Mott* v. *Hicks* (1 Cow. 514), which goes to show that the indorser did not intend to make himself personally responsible, absolves him from liability. An indorsement effects two distinct and different purposes—the transfer of the paper, and an engagement to be responsible in the event of non-payment by the parties primarily liable. The indorsement transfers the paper, but the indorser may qualify the act so as not to be responsible in the event of non-payment. *Babcock* v. *Beman*, 1 Kern. 200. But the acceptor of a bill of exchange, like the maker of a note, is considered as the original and principal debtor, and primarily liable; and unless by the act of acceptance it appears that he is not, and that his acceptance is with the design of charging another primarily liable upon the bill, he is personally responsible. As, for instance, where a bill is drawn upon a corporation, and the president, or other

officer having authority so to do, accepts it, designating the official character in which he acts; in such a case he incurs no personal responsibility, apparent upon the face of the instrument, for the act purports to be the act of the corporation. In this case the draft was drawn upon the defendant individually, but he accepted it by the designation of "Treas. Neuvitas M. Co." On the face of the instrument this was a mere *descriptio personarum*, as was the case in *Tuft* v. *Brewster* (9 Johns. 334), and *Hills* v. *Bannister* (8 Cow. 31). But the defendant introduced the drawer as a witness, who testified that he was the agent of the Neuvitas Mining Company, and that he drew the draft for the use of the company, having authority so to do. He also testified that the defendant was the secretary and treasurer of the company, and had power, as secretary and treasurer, to accept drafts drawn by the witness for the company; that he had never seen the defendant's authority to bind the company, but he (the witness) supposed that the defendant had it. Another witness was called by the plaintiff, who testified that the defendant had power to accept the draft, as he was present when arrangements to that effect were made. This witness also proved that he was present when the draft was presented for acceptance, that defendant declined to accept until he had advice from the drawer; that the plaintiff urged him to accept it, but the defendant answered that he would assume no personal responsibility; that if he accepted it, it would only be as treasurer of the company; and on receipt of advice of the drawing of the draft he would be ready to accept it; that the plaintiff then took it away, and brought it back after advice had been received, and the defendant accepted it. Another witness was also called, and testified that the defendant was elected secretary and treasurer by the directors of the company, and that the drawer had authority to draw, and the defendant to accept drafts, by advice and consent of the directors. To all this testimony the plaintiff objected. There can be no doubt but that it was competent for the defendant to show that, though liable *prima facie* upon the bill, he, in fact, accepted it for and on behalf of the company, with the plaintiff's knowledge.

*Brockway* v. *Allen*, 17 Wend. 41; *Grafton Bank* v. *Kent*, 4 New Hamp. 221, and cases collected in 4 Cow. & Hill's Notes, 5 ed., 607, part 2, note 299.　There might be more question as to the evidence given to show the defendant's authority to accept drafts on behalf of the company.　It is very much stronger than in a case recently decided in this court—(*Knight* v. *Lang*, 2 Abbott, 227)—and I am inclined to think that it was sufficient. The circumstances under which the acceptance was made having been fully known to the plaintiff, the defendant having authority to accept bills drawn by Gillingham for the company, the court below gave judgment properly for the defendant.

Judgment reversed.