## TAFT *against* BREWSTER AND OTHERS.

In an action
of debt on a
bond against
A., B. & C.,
who were de-
scribed with
the addition
or description
of "Trustees
of the *Baptist
Society of the
town of R.*,"
and who exe-
cuted the bond
with their in-
dividual names
and seals, but
with that ad-
dition, it was
held that this
was a mere
description of
persons, & that
the defendants
were liable in
their indivi-
dual capacity.
Where in a
declaration on
a bond condi-
tioned to pay
several sums
of money, at
several days,
the plaintiff
assigned two
several brea-
ches for the
non-payment
of two several
sums, it was
held bad, on
special de-
murrer, for
duplicity.

THIS was an action brought against the defendant, and *Thaddeus Loomis* and *Joseph Coats,* on a bond dated the 16th of *April,* 1810, by which the defendants, " by the name and description of *Jacob Brewster, Thaddeus Loomis* and *Joseph Coats,* trustees of the *Baptist Society of the town of Richfield,*" acknowledged them-selves bound to the plaintiff in the sum of 3,600 dollars, to be paid, &c. conditioned, that if the defendants, as trustees of the *Baptist Society of the town of Richfield,* their heirs, &c. should pay the plaintiff the sum of 1,800 dollars, with interest, at the several times therein mentioned, &c.    The bond was signed " *Jacob Brewster, Thaddeus Loomis* and *Joseph Coats,* trustees of the *Baptist So-ciety of the town of Richfield,*" and sealed by them respectively.

The plaintiff assigned two breaches ; 1. That after the making the bond, &c. a large sum of money, to wit, 126 dollars, being the interest for one year then elapsed, was then due and owing ; and, 2. That another large sum of money, to wit, the sum of 1,100 dol-lars, became due, and was owing, to the defendants on the 1st of *June,* 1811, which, with the 126 dollars, was still in arrear and unpaid.

The defendants, after craving *oyer* of the bond and condition, demurred, and assigned for causes of demurrer ; 1. That the bond was executed by the defendants in a *corporate,* and not in their *individual* capacity ;    2. That the declaration was *double,* in as-signing two distinct breaches of the condition of the bond ;    and,

3. That in assigning the breaches, it is not said " according to the statute," &c.

The plaintiff joined in demurrer, and the same was submitted to the court without argument.

*Per Curiam.* The bond must be considered as given by the defendants in their individual capacities. It is not the bond of the *Baptist* church; and if the defendants are not bound, the church certainly is not, for the church has not contracted either in its corporate name, or by its seal. The addition of trustees to the names of the defendants is, in this case, a mere *descriptio personarum.* But there is one special cause of demurrer well taken, and that is, that the declaration is double, in assigning two distinct breaches. Several breaches may be assigned, under the statute, on a bond for the performance of covenants, or other collateral matter; but this is not a bond within the act, for it is a bond for the payment of money only. The case is, therefore, to be governed by the common law rules of pleading, which would not permit the assignment of more than one breach, because one was sufficient to forfeit the bond, and entitle the plaintiff to the penalty. If, therefore, a bond was conditioned to pay several sums of money at several days, a non-payment of any sum would forfeit the bond; and the plaintiff was permitted to assign a breach only of one of the payments, as, otherwise, it would be double; and duplicity is still had on special demurrer. (2 *Vent.* 198. 1 *Roll. Rep.* 112. *Cro. Car.* 176.) Judgment must, therefore, be given for the defendants, with leave, nevertheless, to the plaintiff to amend on the usual terms.(*a*)

(*a*) See *Jackson* v. *Walsh*, (3 *Johns. Rep.* 226.)