By the Court,

Cowen, J.
The principle of these pleas is doubtless correct. (Randall v. Van Vechten, 19 Johns. R 60.) The question is, whether the matter intended is sufficiently set forth, The defendants gave a promissory note, for value received, and in this note they called themselves trustees of. “ The First Baptist Society.” Prima facie they were personally liable. (Taft v. Brewster, 9 Johns. R. 334.) Their answer is, that they were trustees of “ The First Baptist Church and Society,” &c., and as such gave the note for a precedent debt due from the corporation. Trustees, as such, are a corporation having a common seal (3 R. S. 295, § 4.) which they should use to bind themselves in their corporate capacity, unless the corporation have power to bind itself by agents in some other form. As trustees, perhaps, they have no power to give a promissory note; if not, then they should aver that the corporation, whatever it was, appointed them agents for the purpose of doing the act. It is not enough even to aver that they signed as agents or “ in the capacity of agents,” which were the words in White v. Skinner (13 Johns. R. 307.) Their appointment as agents [42] should be set forth as a distinct, substantive, issuable" fact. This . was all held in White v. Skinner. It was also averred in that case, that the plaintiffs had notice of the defendant’s agency, which I also take to be material.
Is all that done here ? I am inclined to think that in the first plea demurred to it is done in substance, though informally; and the demurrer is general. We have seen that these trustees were themselves the corporation in contemplation of the statute; and the very act of giving the note operated as a corporate assent to or appointment of the defendants as agents, or which is the same thing, a declaration that they acted as such. Their powers under the statute were ample; for the plea avers that the debt was due from the society for materials furnished by the plaintiff on the request of the corporation. The plaintiff, therefore, must have known that the debt was a corporate one; and though the note slightly miscalls the corporate name, plainly, he could not be misled. Such a misnomer, however great, never vitiates, if in truth the act be a corporate one (N. Y. African Society v. Varick, 13 Johns. R. 38.) It can always be corrected or explained by proper averments; and looking through the plea, the allegations are I think, equivalent to saying that the defendants promised, as the trustees or agents of the true society, by their name as trustees, though the society was erroneously named in the plea; and that the plaintiff knew or had notice of the truth. In a word, I think the defendants have pleaded, in an indirect argumentative way, all that was proved in Randall v. Van Vechten, where a complete defence was made out. Eandall had there recognized the defendants as agents of the corporation; and it is not forcing the language of this plea to say, that the plaintiff has here done the same thing. There *27 being a fact a corporation of about the same name indebted to him, and the defendants giving their notes as agents of the same corporation, and declaring that fact substantially on its face, the plaintiff must have been willfully blind not to have known the truth. Sec Seaber v. Hawkes (5 Moore & Payne, 549.)
But on examining the demurrer book, I find that the declaration contains the common counts, and the plea goes to the whole declara- [43] tion. It is certainly no answer to the common counts, and is bad in this view. The objection was not made on the argument or in the written points, and I had therefore assumed, to the moment of decision, that the pleas went to the first count only.
But the plea secondly demurred to is bad, and would be so even had it been addressed to the first count. It merely avers that the defendants were trustees of the society, and promised as such. It is not as strong as Taft v. Brewster, in which the court say the addition of trustees to the names of the defendants is a mere descriptio personarum. According to this plea there was no description in the note. I think too it should be shown, that the plaintiff had knowledge, or at least the full means of knowledge, that the defendants were promising as agents duly authorized. Much stress was laid upon this fact as matter of evidence in Randall v. Van Vechten, and it would be unjust to dispense with it. The merely describing themselves, in the plea, as trustees, without alleging any knowledge or means of knowledge, in the plaintiff, will not do. Neither the declaration nor plea shows that they called themselves trustees in the note. For aught the plaintiff knew or could suppose, they meant to be bound personally, as their contract imported on its face, He had never dealt with and recognized the corporation, and we must assume upon this plea, never heard of it. The case is altogether short of that made by the first plea.
It is well settled that a man, contracting with another, can not shield himself as agent, unless he give notice at the time that he is so, or it bi known in some other way to the person with whom he deals. (Seaber v Hawkes, 5 Moore & Payne, 549.)
Judgment for plaintiff.