IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW YORK,

IN MAY TERM, 1838, IN THE SIXTY-SECOND YEAR OF THE INDEPENDENCE OF
THE UNITED STATES.

---

## BIGELOW and WHIPPLE *vs.* JUDSON.

A written authority from a landlord to his agent to make a distress is not ne-
cessary; it is only necessary that the warrant to the officer who makes the
distress should be in writing.

A distress warrant signed by the agent in his own name, as agent for his
principal, is a good execution of the authority conferred upon him.

Delay in proceeding to a sale of the property distrained, does not destroy the
lien for the rent, where there is no evidence of collusion between the land-
lord and tenant.

ERROR from the Otsego common pleas. Judson sued
Bigelow and Whipple in *trover*, for certain articles of pro-
perty which he, as sheriff of the county of Otsego, had levied
upon under a *distress warrant* for rent due from one Devoe
to George Clarke and Ann L. Clarke his wife. Richard
Cooper testified that he was the general agent of Clarke
for the collection of his rents, that his appointment was by
*parol*, that on the 29th January, 1835, he issued a distress
warrant for the collection of rent due from a tenant of land
belonging to the wife of Clarke, in which Clarke had a life
estate. The warrant was produced, it was in the usual

form, but was signed " R. Cooper, agent for George and Ann L. Clarke," and accompanying it was an affidavit of the rent due, made by Cooper. The property was distrained on the 31st January, an inventory was made, and a copy together with a notice that unless the rent was paid within five days the property would be sold, was left with the tenant. Within four days the tenant paid a part of the rent and begged for indulgence, and within a few days afterwards was taken sick. The property was left by the sheriff in the possession of the tenant. *Nineteen days* after the distress was made and whilst the tenant was confined to his room by sickness, the property was taken away by the defendants, by virtue of certain mortgages which had been executed to them by the tenant previous to the distress. The defendants objected to the plaintiff's right to recover, because, 1. the authority to Cooper to act as agent was by *parol*, whereas they contended it should have been *in writing ;* 2. that if he had authority to act, it had not been properly executed, the distress warrant being in *his own name* as agent, whereas it should have been in the names of his principals; and 3. that the *lien* for the rent was lost by the delay which occurred in proceeding to a sale of the property. Which objections were overruled by the court, and the jury, under the charge of the court, found a verdict for the plaintiff, upon which judgment was entered. The defendants having excepted to the decision of the court, sued out a writ of error.

*J. A. Spencer,* for the plaintiffs in error.

*E. B. Morehouse,* for the defendant in error.

*By the Court,* NELSON, Ch. J. Previous to our statute, 2 R. S. 501, § 8, 9, the authority from the landlord to distrain need not have been in writing, as is perfectly settled. Serjeant Williams observes, 1 Saund. 347, *c. n.* 4, that it is sufficient for the defendant in his cognizance to say generally " as bailiff of J. S." he acknowledges the taking without showing his authority; and a subsequent agreement by J. S

to the distress amounts to an authority as much as if he had previously directed the defendant to distrain. Woodf. Land. and Ten. 307. Bradby on Dist. 151. 3 Carr. & Payne, 172. See also 5 Bing. 10. There is certainly nothing in the statute, altering the law in this respect; it only requires that the *officer* distraining shall have a *written warrant.* Cooper being the general agent of Clarke to collect his rents, was authorized to take necessary steps for that purpose, and of course to issue the warrant to the plaintiff. No particular form is prescribed; if the warrant substantially indicate the object intended, so as to enable the officer to execute it, it must be sufficient.

It is objected that the warrant is not subscribed in the name of the *principals*, and that in analogy to the rule in respect to contracts entered into by an agent, the execution is defective and void. The reason why a contract, subscribed in the name of the agent, is not binding upon the principal, is because it is the contract of the agent and not of the principal. The authority, therefore, to bind him has not in fact been executed. No contract has been entered into. But this reason has no application in this case; all that is essential here is to confer upon the officer authority to distrain. Before the statute a *parol* command was enough, and any instrument *in writing* that indicates thus much now, must be all that is material. Suppose the tenant had sought a remedy against the landlord, could the latter have taken exception to this mode of execution of the warrant of his agent, and denied that he was responsible for any thing done under it? There is no pretence for such an objection, I think, therefore, the authority has been well executed by Cooper, though in his own name as agent for the landlord. Indeed, this mode of entering into a contract seems to be sufficient to bind the principal where the authority to make it, is shown, 15 Johns. R. 1, 19 id. 531, 558, 565, 13 id. 307, 11 Mass. R. 27. 17 Wendell, 40; and such is the good sense of the transaction.

As to the delay in selling the goods, the authorities are full to warrant it with the assent of the tenant, and to show that the *lien* is not thereby lost, unless the delay is by collusion.

Nothing of the kind is pretended here ; on the contrary, the sale was postponed as an act of humanity to the tenant.    1 Saund. Pl. and Ev. 443.    3 Black. Comm. 14.    Ed. Chit. n. 39.    *Fisher* v. *Algar*, 2 Carr. & Payne, 374.    Comyn, Land. and Ten. 412.    7 Price, 690.    Bradby on Dist. 155.    11 East, 404, n.

Judgment affirmed.