# PRACTICE REPORTS.

## SUPREME COURT.

### Hicks agt. Hinde and Beardsley.

The drawer of a draft who signs as " agent" is not personally liable, where the principal is known.

His engagement is like that of an endorser of a promissory note, and where restrictive or qualifying words are added, to his signature, it is equivalent to a declaration that he will not be personally liable (see 1 *Cow.* 514).

*Saratoga Circuit, October* 1850.   This action was brought on a draft dated August 1st, 1848, drawn by the defendant Hinde, as agent, on the defendant, L. T. Beardsley, in favor of the plaintiff Hicks, for $120·82.   Hinde signed the draft " John Hinde, Agent."   The draft was accepted by Beardsley, but was not paid by him when it became due.   It was protested for non payment, and notice was given to Hinde.   Hinde, at the date of the draft, had charge of a factory in Waterford for Beardsley as his agent. Beardsley authorized Hinde to draw the draft as his agent.   It was drawn for rent due by Beardsley to Hicks.   At the time the draft was given and accepted by Hicks—Hicks, Hinde and Beardsley were together.   Hicks knew when he accepted the draft that Hinde was Beardsley's agent, and that Hinde was authorized by Beardsley to draw the draft as his agent, and that he signed it as such agent.   The plaintiff objected to all parol evidence in relation to the draft.

E. F. Bullard, *for Plaintiff.*

Wm. H. King, *for Defendant Hinde.*

Paige, Justice.—It is insisted on the part of the plaintiff that Hinde is personally liable on the draft, as it does not appear on the face of the draft that he signed it as agent for Beardsley.   It

1

is also insisted that parol evidence is inadmissible to explain, add to or vary the draft. The case of Pentz vs. Stanton (10 *Wend.* 271), is cited in support of these propositions. In that case one West was the agent of a manufacturing establishment, and as such purchased a quantity of dye stuffs for the use of the factory without disclosing the name of his principal; and the bill of goods was made out against West as agent, without stating the name of the principal, and West, as agent, drew a draft on one Carey in favor of the plaintiff, for the price of the goods, and signed the draft, H. F. West, agent. The name of the principal was not disclosed to the plaintiff by the agent at the time of the purchase of the goods and giving of the draft, and the agent did not inform the plaintiff that he was authorized by his principal to draw the draft as his agent.

In this case the name of the principal was disclosed, and the plaintiff knew that Hinde was authorized by Beardsley, his principal, to draw the draft in question, as his agent, and that he actually signed it as such agent.

It appears from the evidence that Hinde did not intend to bind himself personally. If he had added to his signature " *Agent for L. T. Beardsley,*" instead of agent merely, it will be conceded that he would not have been personally bound (Brockway vs. Allen, 17 *Wend.* 40; Randall vs. Van Vechten, 19 *John.* 60; Skinner vs. Dayton, 19 *John.* 554, 548; Bank of Columbia vs. Patterson, 7 *Cranch,* 299, 307; White vs. Skinner, 13 *John.* 307; 2 *Kent Com.* 630, and *N. A.* 6 *ed.*; 4 *Wend.* 285; 15 *John.* 1).

A contract not necessary to be in writing, under seal, will be binding on the principal, if it appears in any part of the instrument that it was intended to be executed by his agent for him, in the character of agent merely (Evans vs. Wells, 22 *Wen.* 335; *Per Chancellor*).

The case of Hills vs. Bannister (8 *Cow.* 31), was overruled by the case of Brockway vs. Allen (17 *Wend.* 41). If in Taft vs. Brewster (9 *John.* 334), it had been shown that the Baptist society of Richfield was a corporation, and that the bond given by the defendants was given for a corporate debt, and that the de-

fendants were authorized to execute the bond, they, as the law is now understood, could not have been held to be personally liable. In Mott vs. Hicks (1 *Cow.* 514), where a note was made payable to J. Horsefield or order, and endorsed by him " *J. Horse-field, agent,*" it was held that although nothing appeared to show that he was in fact agent, yet he was not liable as endorser. The endorsement was regarded as special, and equivalent to a declaration that the endorser would not be personally liable (1 *Cow.* 534, 538). The acceptor of a bill of exchange, like the maker of a note, is considered as the original and principal debtor and primarily liable, and the drawer and endorsers are considered as sureties, liable as such, guaranteeing the performance of the principal's contract (*Chit. on Bills,* 26, 192). The engagement of the drawer, like that of an endorser, is conditional, viz: that he will pay the bill provided it is presented in proper time to the acceptor and he fails to pay it; and provided also that he is duly notified of the dishonor of the bill (20 *John.* 366). The drawer may, like an endorser, add to his signature restrictive or qualifying words, to exempt himself from personal liability (*Chit. on Bills,* 32, 33, 34, 234). A transfer by endorsement of a bill, is equivalent in its effect to the drawing of a bill, the endorser being in almost every respect considered as a new drawer on the original drawee (*Chit. on Bills,* 241; 1 *Salk.* 133; 3 *East,* 482). And a promissory note endorsed, may be declared on as a bill of exchange. The maker of the note stands in the situation of the acceptor of a bill (*Chit. on Bills,* 241, 2). The obligation which an endorsement imposes on the endorser to the endorsee, and the mode in which that obligation may be extinguished, is in all respects exactly similar to that which a drawer of a bill is under to the payee. And Lord Ellenborough, in Billingalls vs. Gloster (3 *East,* 482), says, " when it is laid down that an endorser stands in all respects in the same situation as a drawer, all the consequences follow which are attached to the situation of the latter" (*Chitty on Bills,* 241, 242, 10 *Am. from* 9 *Lond. ed.*)

If the drawer of an accepted bill is like an endorser, considered as a surety, and stands in all respects in the same situation, as an

endorser, and may like an endorser add to his signature restrictive or qualifying words to exempt himself from personal liability, it would seem necessarily to follow, that whatever restrictive or qualifying words exempt an endorser from personal liability, will have a like effect upon a drawer, when added to his signature. If this proposition can not be disputed, then the case of Mott vs. Hicks (1 *Cow.* 514) disposes of this case. There the addition by the endorser to his endorsement of the word " agent" was held to be equivalent to a declaration that he would not be personally liable. Why should not, upon principle, the same effect flow from the addition of the same word by Hinde to his signature to the draft in question?

There are some cases of ambiguities, where the words are equivocal, but which admit of precise and definite application by resorting to the circumstances under which the instrument was made. In such cases parol evidence is admissible of the circumstances attending the transaction (2 *Cow.* and *H. Notes* 1358; Peisch vs. Dickson, 1 *Mason R.* 10, 11, 12).

In Stover vs. Logan 9 *Mass.* 55), being an action by the payee against the drawee of a bill of exchange, parol evidence was received of verbal conditions and restrictions, subject to which an absolute written engagement of the drawee to accept the bill was made, such verbal conditions and restrictions, having been communicated to the payee by the drawer at the time the bill was drawn: so in case of a blank endorsement of a note or bill of exchange, contemporaneous parol stipulations, showing that the endorsement was intended to be restrictive, is admissible in evidence upon the principle that the written engagement is left incomplete by the parties (2 *Cow. & H. Notes*, 1473; 11 *Mass.* 31).

In Louisiana a person may draw as agent upon his principal for a debt not personal to himself, but due by the principal to the payee, without expressing the agency on the face of the bill (Wolfe vs. Jewett, 10 *Curry; Louis R.* 583).

In the Mechanics' Bank of Alexandria vs. The Bank of Columbia (5 *Whea.* 326), where a check was drawn by a person who was the cashier of a bank, but without affixing to his sig-

nature his title of cashier, parol evidence was received to show that he signed the check as cashier.

But I prefer to place the decision of this case on the ground that the drawing of the draft by Hinde is restrictive; and that the addition of the word agent was, as was held in Mott vs. Hicks, equivalent to a declaration that he would not be held personally responsible on the draft.

This case may be distinguished from the case of Pentz vs. Stanton. In that case the name of the principal was not disclosed to the vendor by the agent at the time of the purchase of the goods and giving of the draft for the price of the goods. The non disclosure of the principal made the agent personally liable for the goods, and being so liable, it was proper he should be held personally liable on the draft (*Dunlap Paley Agency*, 371, 2; *2 Kent Com.* 630; *20 Wend.* 434; *Per Chan.*)

In the case of Stackpole vs. Arnold (11 *Mass.* 27), cited and relied on in the case of Pentz vs. Stanton, the agent affixed his own signature to the promissory notes, on which the suit was brought, without any superadded restrictive or qualifying words; and at the time he gave the notes he did not disclose to the payee the name of his principal. Neither that case nor either of the other cases relied on in the case of Pentz vs. Stanton, resemble the present case.

Upon the whole, I have come to the conclusion that the defendant Hinde is not personally liable on the draft in question. Judgment must therefore be entered in his favor.