W. H. Bowne and T. B. Bowne *vs.* Charles Douglass.

In an action by indorsees, against the first indorser of a promissory note, who indorsed the same as " assignee," it being proved that the defendant was assignee of an insolvent estate; that the note was received in compromise of a note belonging to that estate; that it appeared on the note that it was payable to the defendant as assignee, and was indorsed by him in that capacity; *Held* that the indorsement operated to transfer the title to the note, without making the indorser personally liable.

THIS action was commenced by the plaintiffs, as second indorsees of a promissory note, against the defendant as first indorser. The note was as follows :

" $302 $\frac{39}{100}$           *New York, June 28th*, 1858.

Eight months after date, we promise to pay to the order of Charles Douglass, assignee, three hundred and two $\frac{39}{100}$ dollars, value received, payable 68 Beekman street.

        [Signed]            DUNN & MANSUR,
                                      Moline, Ills.

[Indorsed]      Charles Douglass, Assignee.
                 Ralph Barker."

The cause was tried at a circuit court, on the 11th of May, 1860, before the Hon. D. P. INGRAHAM, without a jury, who found the following facts as established by the evidence, or by the admissions of the counsel for the respective parties :

*First*. That previous to the fourteenth day of September, 1857, Dunn & Mansur, the makers of the promissory note mentioned in the pleadings, were indebted to one Thomas Douglass, and had made and delivered to him their promissory note for the sum of $1081.50, which said note the said Thomas Douglass had indorsed and delivered to one George Baker. *Second*. That on the fourteenth day of September, 1857, the said Thomas Douglass, he having become insolvent, made and delivered to the defendant in this action, as trustee, a deed of assignment of all his estate, both real and personal, for the benefit of creditors ; and that the said George Baker had notice of such assignment. *Third*. That when the said note of Dunn & Mansur for $1081.50 became due, it was not paid, and that they afterwards, through the defendant, negotiated a compromise of the claim against them, and in part payment thereof made and delivered to him, to be delivered to the said George Baker, their note for $302.39, described in the complaint in this action. *Fourth*. That the said Thomas Douglass was liable as indorser of the said first above mentioned note of Dunn & Mansur, which constituted

a valid claim against his estate in the hands of the defendant, as assignee; and that the defendant, in receiving from the said Dunn & Mansur the note which is the subject of the present action, and in indorsing and delivering the same to the said George Baker, acted solely in a representative capacity, as assignee of said Thomas Douglass, having no beneficial interest in the note, or in the transaction upon which it was given and negotiated, of which the said George Baker had actual notice. From the foregoing facts, the conclusions of law were as follows :

*First.* That the defendant, in receiving from the makers the note in question, and in indorsing and delivering the same, acted in a representative capacity, to wit, as the assignee of the insolvent, and had no personal interest in said note, nor in the consideration for which it was given by the makers, nor in that for which it was received by the plaintiffs. *Second.* That the indorsement of the said note by the defendant, though sufficient to pass the legal title, so as to enable the indorsee to maintain an action upon it against the makers, was a restrictive indorsement, upon which the defendant was not individually and personally liable. The justice therefore ordered judgment for the defendant, with costs, and the plaintiffs appealed.

*Robt. Benner*, for the appellants.

*Carpentier & Beach*, for the defendant.

*By the Court*, INGRAHAM, P. J. The defendant in this case is sued as the indorser of a promissory note made payable to his order as assignee, and indorsed by him in these words: "Charles Douglass, assignee." The note was received by him in payment of a note belonging to him as assignee of Thomas Douglass. The only question in the case is as to the liability of the defendant as indorser.

Where a person signs a note as maker, the addition to his

name of any special character in which he may be acting does not relieve him from personal liability as maker, but such addition is considered merely as *descriptio personœ*, and not as limiting or restricting the maker's liability. . (*Moss* v. *Livingston*, 4 *N. Y. Rep.* 208. *Brockway* v. *Allen*, 17 *Wend.* 40.) And so where a bill is drawn on an individual with the addition of such an employment, and he accepts the bill in the same form, he is liable. And the same rule is applied to the case of one who indorses paper, although he adds a special character to his signature, when the note was not made payable to him in that capacity. (*Ticknor* v. *Allen*, 3 *E. D. Smith*, 561.) In such a case the indorsement is the same as making a new note; and the holder has no knowledge that the note is held for any other purpose than that of the individual indorsing it.

But where the note is made payable to any one in such qualified character, and he indorses it in the same way, a different rule prevails. This rule was distinctly held by Denio, J. in *Babcock et al.* v. *Beman*, (1 *Kern.* 200.) There the note was made payable to R. Beman, treasurer, and was so indorsed by him, and the indorsement was held to be a qualified indorsement for the purpose of passing the title to the note, and not containing a contract to pay. The same principle was held in *Mott* v. *Hicks*, (1 *Cowen*, 514.) And in *Hicks* v. *Hinde*, (9 *Barb.* 528,) it was applied to the drawer of a draft, who was considered to be liable as a surety, the same as an indorser. The court held that a party might add restrictive words to qualify his liability. (*See also Brockway* v. *Allen*, 17 *Wend.* 41; *Watervliet Bank* v. *White*, 1 *Denio*, 608.)

In *The Bank of Geneva* v. *Patchin Bank*, (19 *N. Y. Rep.* 312,) this question was fully examined. Judge Denio says: " In the absence of any evidence to connect the bill with the defendants' bank, the indorser would be regarded as payee, and the abbreviation (cash.) affixed to his name, would be

Van Vleck *v.* Clark.

considered as *descriptio personæ.* But when it has been shown that he was the defendants'·cashier, the presumption would be that the note payable in that form was the property of the bank; and when the indorser indorsed it with the addition mentioned, he sent it, &c. for discount, &c. The indorsement of Stokes, on this fact being shown, was the indorsement of the bank, and not Stokes' individual act."

In the present case it was proven that the defendant was assignee of an insolvent estate; that the note was received in compromise of a note belonging to that estate; that it appeared on the note that it was payable to the defendant as assignee, and was indorsed by him in that capacity. Such indorsement does not make him personally liable, but operates to transfer the title to the note.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, September 15, 1862. *Ingraham, Barnard* and *Clerke,* Justices.]