Mr. Justice MacArthur,
with whom Mr. Justice Humphreys concurred, dissenting:
While I agree that the authorities referred to in the learned opinion just read sustain the position that a deed executed by an agent or attorney in his own name is inoperative as to the principal, whether the name of the latter appears upon, the face of the instrument or not; yet I am very clear that this rule can have no application to the case at bar. The lease under consideration is executed by the lessors in their own names and with their own seals. The name of no principal is added. The operative words of letting in such a deed import an estate in the parties demising, and the lessees cannot impeach it for any reason not appearing upon its face-The form of executing it is the one usually adopted by per' sons in contracts respecting their own interests, and there can be no pretense in the concluding part of it that it purports to be their act as agents. In the first clause, the parties of the first part describe themselves as “acting as a church-extension committee by authority and on behalf of the General Assembly of the Presbyterian Church, Old School,” and it is argued that these words disclose the name of their principal and render the deed a nullity. It seems to me that this addition to the names of the plaintiffs, as was said in Toft vs. Brewster, 9 John., 334, is a mere descriptio personarian. So far from showing a principal, it has been decided in the highest court of Pennsylvania that the General Assembly had no recognized legal status. It is a mere voluntary association, utterly incapable of holding an estate in land, or of being a principal in any transaction, or delegating a legal power to be executed by others. In order to render this lease void under the authorities cited for that purpose, it must appear upon its face that tire plaintiffs acted solely as agents ; that the name of the principal for whom they acted was mentioned *12 in the body of the instrument, and was possessed of the title affected, and that such principal was either a natural person or a corporation, having legal capacity to hold interests in real estate, and to grant authority to others to execute sealed instruments in their own name, for unless all this appears on the face of the lease, it does not fall within the principle of these citations. In my opinion it is not desirable that this technical and rigid rule of the common law should be extended to cases not clearly within the adjudications. To allow a lessee who has accepted the lease and enjoyed possession of the premises for a considerable portion of the term to escape from paying the stipulated rent, violates every principle of justice and equity. I do not believe such to be the law.
As, therefore, there is nothing on the face of the deed to affect its validity, there is no rule better settled than that the lessee is estopped from impeaching it.
But even if the plaintiffs had mentioned a competent person or corporation in the body of the instrument as their principal, it Avould not follow as a necessary consequence that its covenants would be void as against themselves. The covenants contain words sufficiently expressive of their intention to be bound in their personal capacity. "If one covenants in his own name, though it be expressly in autre droit, and in a representative capacity, as executor, guardian, trustee, committee, agent, or otherwise, he is himself personally bound.” (1 Am. Lead. Cases, 434, 436, and cases cited in note.) Duval vs. Craig, 2 Wheat., 45, was where a conveyance of real estate contained covenants against incumbrances and the covenantors added after their names, "as trustees,' &c. Mr. Justice Story remarks, in deliATering the opinion, “A trustee, merely as such, is only suable in equity; but if he chooses to bind himself by a personal covenant he is liable at law for a breach thereof, in the same manner as any other person, although he describe himself as covenanting as trustee; for in such a case the covenant binds him personally, and the addition of the words 'as trustee’ is but matter of description to show the character in which he acts, for his own protection, and in no degree affects the rights or remedies of the other party. The authorities are very elaborate *13 on this subject. An agent or executor who covenants in his own name and yet describes himself as agent or executor is personally liable, for the obvious reason that the one has no jjrineipal to bind, and the other substitutes himself for his principal.”
The case of Lutz vs. Linthicum, 8 Pet., 165, is to the same effect. So here it may be emphatically said that these plaintiffs “ had no principal to bind.” The authorities are numerous on this point, and seem to be clear that the agent may bind himself if his covenants are personal to himself, even though his representative capacity appears on the instrument. As the covenants are of that character here, it is apparent they must be equally binding upon the defendant.
My conclusion is that the lease is the deed of the plaintiffs, and they should be permitted to retain the judgment. I am opposed to a reversal.