ROBERT HOOD and JACOB HOOD, as Executors of, etc.,
of HENRY HOOD, Deceased, Respondents, v. RICHARD
HALLENBECK, HENRY SHELDON, R. ALLISON, N. G.
PULTZ, WILLIAM SHARTS, PETER J. BACHMAN and
WILLIAM HULL, Appellants.

*Corporate note — when makers of not liable, although signed by their individual names.*

A note was signed by five persons with the description added, " Trustees
of St. John's Ev. Lutheran Church, Hudson, N. Y.," and stamped with the
corporate seal of the corporation, made payable to the order of one Peter J.
Bachman, and duly indorsed by him and two others to the plaintiffs. An
action was brought against all the makers and indorsers individually. On
the trial it was shown that the corporation was indebted to the payee, Bach-
man, who requested a note for the amount of his claim, whereupon the note in
suit was executed and delivered. There was no evidence that the makers
intended individually to assume the church debt. A personal judgment was
rendered against all the defendants.

On appeal, *held*, erroneous as to the makers; that proof of the circumstances under
which the note was given, with a view to determine the defendants' liability,
was admissible, and the makers were not personally liable.

*Held*, also, that the plaintiffs stood in no better position on this question than
would the payee, Bachman, inasmuch as the note, on its face, disclosed the
fact that the defense here interposed existed, or that proof to establish it was
admissible.

APPEAL by the defendants from a judgment rendered against
them on the direction of a justice of this court, before whom the
case was tried without a jury.

The action was against the defendants as makers and indorsers
of a promissory note in the words and figures following, to wit :

" $550.                                    Hudson, *June* 1, 1871.

" Six months after date we promise to pay to the order of Peter
J. Bachman five hundred and fifty dollars, with interest, for value
received.

[L. s.]

" R. HALLENBECK,
" HENRY SHELDON,
" R. ALLISON,
" N. G. PULTZ,
" W. SHARTS,

*Trustees of St. John's
Ev. Lutheran Church,
Hudson, N. Y.*"

Indorsed as follows, to wit :

" Interest paid to April 1, 1872.

" Interest paid to April 1, 1873.

" With waiver of protest.

" PETER J. BACHMAN.

" R. HALLENBECK.

" WILLIAM HULL."

The note and indorsements were set out in the complaint, which contained all necessary averments to charge the parties personally as makers and indorsers. The five persons sought to be charged as makers answered jointly, but separately from the indorsers. They set up that the note was given and accepted as the obligation of the corporation, " The St. John's Evangelical Lutheran Church of Hudson, N. Y.," for the debt of the corporation, and denied their personal liability thereon. The indorsers Bachman and Hull answered for themselves; set up the same matter of defense, and denied their liability as indorsers. On the trial it was proved that the note was given for an indebtedness of the corporation to the payee; that the makers and payee were its trustees; and that the seal attached was its corporate seal. The circumstances attending the making of the note, as proved, were as follows : The payee, Bachman, was chairman of the church building committee, and, as such, had made advances for the corporation. He presented his account therefor to the trustees, and it was allowed; he requested a note and the note in suit was given him. On the facts above detailed, judgment was rendered against the makers and indorsers, personally, for the amount unpaid on the note. Exceptions were filed to the findings of the court, both on the facts and law.

*R. Hood* and *Monell & Van Wyck*, for the plaintiffs.

*S. L. Magoun* and *R. E. Andrews*, for the defendants.

BOCKES, J. :

The right of action against Bachman, Hallenbeck and Hull, *as indorsers*, seems to be well established in this case. The note was set out in the complaint with the indorsements in full ; and all

necessary averments were made to charge those persons as indorsers. They denied their liability. On the trial, the genuineness of their signatures was admitted under an express waiver of protest. They indorsed "*with waiver of protest.*" Such waiver relieved the holder from making demand and giving notice of non-payment. (1 N. Y., 186; 9 id., 279, 291; 12 id., 551, 554; 40 id. [3 Keyes], 278; 3 Robt., 275, 282*; 2 Abb., 402; 6 Duer, 544, 545, 548; 53 Barb., 467, 470.) As against the indorsers, the judgment seems well supported by the pleadings and proofs.

The recovery against the other defendants, *as makers* of the note, is not without difficulty. Notes similar to this in form have been before the courts in numerous instances, on the question as to the personal liability of those whose names were subscribed as makers; and the decisions on the question do not seem to be entirely harmonious. But the recent decisions leave little doubt as to the true rule to be applied to this class of cases. It was held in *Taft* v. *Brewster* (9 Johns., 334) that a bond, signed by the defendants, " trustees of the Baptist society of the town of Litch-field," sealed by them respectively, was their personal obligation — that the addition of " trustees " to their individual names was a mere *descriptio personarum*. The question there arose on demur-rer. It was remarked by the court that the church had not contracted by its corporate name or seal, and it seems that the demurrer was deemed well taken on another ground. The ques-tions in *White* v. *Skinner* (13 Johns., 307) also arose on demurrer. Judgment was given for the plaintiff, on the pleading, on the ground that it did not appear that the defendant, Skinner, who signed his own name, " for the directors," and sealed the instru-ment with his own seal, had authority to bind those for whom he assumed to act. The case of *Barker* v. *The Mechanic Fire Ins. Co.* (3 Wend., 94) is more in point. Stress was here laid on the fact that (as it appears from the pleading) the party who signed the note did not contract in the name of the company, nor in their behalf, and *Stone* v. *Wood* (7 Cow., 453) is cited in support of the decision. (See *Moss* v. *Livingston*, 4 N. Y., 208; also, *De Witt* v. *Walton*, 9 id., 571.) *Taft* v. *Brewster* (*supra*) is commented on in *Hicks* v. *Hinde* (9 Barb., 528), and *Hills* v. *Bannister* (8 Cow., 32) is there referred to as overruled. Now, in the case at

bar, the promise in the body of the note is personal : " *We promise to pay*," and, if the rule stated in most of the cases above cited be rigorously adhered to, the personal liability of the makers would seem to be established. But there are many other cases, some of more recent date, to be considered. And in some of them, also, it would be observed that a personal promise, as " We promise," " I promise," " We agree," etc., was not deemed of absolutely controlling significance. The case of *Brockway* v. *Allen* (17 Wend., 40) is in point, as an authority to discharge the makers of the note from personal liability. It was there held that, where individuals subscribe their proper names to a promissory note, *prima facie* they are personally liable, although they add a description of the character in which the note is given, but that such presumption of liability may be rebutted, by proof that the note was in fact given by the makers as the agents of a corporation, for the debt of the corporation, due to the payee, and that they were duly authorized to make such note as the agents of the corporation ; and that such facts may be pleaded in bar of an action against the makers personally, averring knowledge on the part of the payee. This decision has been recognized and followed in numerous more recent cases. (9 Barb., 528 ; 11 N. Y., 200 ; 19 id., 619, 630, 631 ; 27 id., 546, 558, 559 ; 9 Paige, 188 ; 22 Wend., 324 ; 38 Barb., 313 ; 52 id., 116.) These cases are not all direct authorities on the point under discussion, but bear more or less on the question. The note in suit, *prima facie*, created a personal obligation against the makers ; but, being signed with descriptive words attached to their names, and bearing, also, the corporate seal, the case was open to proof of the facts under which it was given, with a view to determine whether it was intended by the parties that they should assume personal liability. In *Lee* v. *Methodist Episcopal Church* (52 Barb., 121) the learned judge, in delivering the opinion of the court, says : " There are a number of cases in which *prima facie*, and without extraneous circumstances to show it to be otherwise, an obligation in such form, without other explanation is held to be an individual obligation, and the addition to be mere matter of description, but such *prima facie* evidence is not conclusive ; nor does that circumstance or presumption exclude evidence to overcome it." So Judge PAIGE, in *Hicks* v. *Hinde* (9 Barb., 528–531), in speaking of instru-

ments signed by individuals with words of description of some character attaching to them, remarks as follows : " There are some cases of ambiguities, where the words are equivocal, but which admit of precise and definite application, by resorting to the circumstances under which the instrument was made. In such cases parol evidence is admissible, of the circumstances attending the transaction." In this case the drawer of the draft added to his signature " agent." He was allowed to give proof of the character mentioned by the learned judge, which was held to discharge him from personal liability. In *Haight* v. *Sahler* (30 Barb., 218), the defendants signed the contract, adding to their name " building committee." On proof of the circumstances attending the giving of the contract, they were held not personably liable. So in *Bowne* v. *Douglass* (38 Barb., 312), a note was made payable to the defendant " assignee," and was indorsed by him adding " assignee." On proof of facts attending the giving of the note and its indorsement he was held not personably liable. In *Pumpelly* v. *Phelps* (40 N. Y., 59) it is remarked, that the fact that the party described himself as trustee, without stating for whom, does not relieve him from personal liability, or change the effect of his engagement. But in that case the party gave no information for whom he was trustee, to the person with whom he contracted, nor did he show any authority to contract as trustee. There was no intention here to overrule the cases above cited. This subject received careful consideration in Angell and Ames on Corporations, and the rule was laid down, that, in cases like this now before the court, if from the contract itself, or from this coupled with the conduct of the parties thereto, it appeared that credit was given, not to the agent, but to the corporation, and that it was the intent of the parties that the corporation should be bound, whatever might be the particular form of the contract, the corporation was alone liable upon it.

Now, in the case at bar there was added to the names of the makers of the note a description of their character: " Trustees of St. John's Ev. Lutheran Church, Hudson N. Y.," and the note was stamped with the corporate seal of the corporation. The case was therefore within the authorities, admitting of proof of the circumstances under which it was given, with a view to determine the defendants' liability. In addition to what appeared on the face of

the paper, it was proved that the corporation was indebted to the payee, that the latter made claim therefor to the corporation; that it was recognized and allowed by the trustees, its only officers; he requested a note, and the note in suit was given him, signed by the trustees with the addition to their names, "trustees of St. John's Ev. Lutheran Church, H dson N. Y.," and sealed with the corporate seal. There was nothing in all this showing that the parties intended that the makers should become personally liable, nothing showing that they intended to assume the church debt as individuals; on the contrary, it is manifest that they did not so intend, and this to the knowledge of the payee. The trustees, too, had the right to allow the claim to the payee, as they did do, in fact. The giving of the note was but obtaining time for payment. The trustees were, in fact and in law, the corporation, as regarded its legitimate contracts. The language of Judge Cowen, in *Brockway* v. *Allen (supra)*, may well be adopted: "We have seen that these trustees were themselves the corporation in contemplation of the statute, and the very act of giving the note operated as a corporate assent to the appointment of the defendants as agents, or which is the same thing, a declaration that they acted as such. The debt was due from the society for materials furnished by the plaintiff, on the request of the corporation. The plaintiff, therefore, must have known that the debt was a corporate one." The proof which discharged the defendant from personal liability, in *Bowne* v. *Douglass (supra)*, was no stronger than in the case at bar. The defendant was assignee of an insolvent estate; the note was received in compromise of a note belonging to that estate; it was made payable to him with the addition "assignee," and was indorsed by him with the addition "assignee." It was held that the indorsement did not create a personal obligation. So in the case at bar, it was sufficiently well proved that no personal liability was intended by the parties to the note, and that none existed against the defendants as makers.

The plaintiffs here stand in no better position on this question than would the payee, inasmuch as the note, on its face, disclosed the fact that this defense here interposed existed, or that the proof to establish it was admissible. We are of the opinion that the

judgment was erroneously directed against the defendants as makers of the note. As above stated, however, it was well directed against the indorsers. It is a case where a separate judgment might be given; so it may be affirmed as to some of the defendants and reversed as to others. The appeal is joint by all. The judgment must therefore be affirmed as against the indorsers Bachman, Hallenbeck and Hull, and reversed as to the makers Sheldon, Allison, Pultz and Sharts; but without costs of the appeal to any or either of the parties. Hallenbeck, although not liable as maker, is held as indorser. The order can be readily framed to meet the case. There must be a new trial ordered, as to the defendants other than the indorsers, and the costs as to them, except the costs of the appeal, must, as is usual on granting new trials, abide the event of the suit.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed as to indorsers, and new trial granted as to makers (not indorsing), no costs of appeal; costs as to makers not indorsing to abide event.