## MARY SCHMITTLER, RESPONDENT, *v.* ADAM SIMON, APPELLANT.

*Acceptance of draft — when it will bind the acceptor as executor only.*

A draft began: "Mr. Adam Simon, executor, will please pay," etc., and concluded as follows: "And charge the amount against me and of my mother's estate," and was accepted by writing across its face: "Accept. Adam Simon, executor."

*Held*, that the accepter was liable in his capacity as executor only.

APPEAL by the defendant from a judgment, entered upon a verdict directed by the court.

*Michael C. Gross*, for the appellant.

*William W. Jenks*, for the respondent.

BRADY, J.:

This action was predicated of a draft, drawn by William J. Schwarin upon the defendant, in favor of Johannes Schmittler or his order, and by Schmittler indorsed to the plaintiff. The draft was accepted by writing across its face: "Accept. Adam Simon, executor." The action was brought against the defendant to recover

from him individually the amount of the draft, and the judgment was in accord with this view. This was doubtless founded upon the proposition that the word "executor" was a mere *descriptio personæ*, and must be rejected as surplusage; and that, if the defendant meant to limit his liability, he should have expressed it, in addition to the word "executor," in such a way as to show that he did not intend to be bound individually, but only as the representative of the estate of which he claimed to be the executor. Upon an examination of the draft, however, it is discovered, although the legal effect of that circumstance does not seem to have been discussed by the briefs, that the draft itself is drawn upon the defendant as executor. It begins, for example : "Mr. Adam Simon, executor, will please pay," etc., and concludes as follows : "And charge the amount against me and of my mother's estate."

On the trial the defendant sought to show, by a series of questions, the defense set up, namely, that the draft was accepted by the defendant in his capacity as the executor of Johannes Schwarin, deceased, and was to be paid at maturity out of any funds which might be in his hands, as such executor, belonging to the drawer.

There is no doubt that, in an action brought upon a draft, note or other moneyed instrument, signed by a person as agent or executor, evidence may be given to show that the person who took it had knowledge that it was signed in a representative capacity. (*Brockway* v. *Allen*, 17 Wend., 40 ; *Babcock* v. *Beman*, 1 *Kern.*, 200.) In this case there is no direct evidence that the plaintiff had knowledge of the fact set up as a defense, namely, that the defendant accepted the draft as the executor of Johannes Schwarin, and in reference to the interest in her estate held by the drawer. But the draft itself from its phraseology, to which attention has been called, was sufficient notice to her to put her upon inquiry. It was sufficient notice because, as we have already seen, the draft described Mr. Simon as executor, was directed to him as such, and directly referred to the estate of the mother of the drawer and his interest therein, and it was, therefore, a draft upon the defendant as executor and accepted by him as such. The whole of the instrument is to be considered in the determination of the question. The notice upon the face of the draft is equivalent to knowledge, and, therefore, when the offer was made to show the circumstances under which

the draft was made and what took place at the time, it was competent evidence and ought to have been admitted.

For these reasons it is thought that the judgment should be reversed and a new trial ordered.

Davis, P. J., and Daniels, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.