### THE UTICA INSURANCE COMPANY vs. HUNT & BROOKS.

A note made with the intent and for the purpose of being discounted by the Utica Insurance Company, as a banking operation, and actually discounted by the company, with a knowledge of the facts, is *void.* Whether the money lent, and for which the security was given, is recoverable in another form of action, *quere.* See cases cited to this point in 19 *Johns. R.* 7.

THIS was a demurrer to a replication. The cause was submitted at the last February term on written arguments. The opinion of the court contains a full statement of the pleadings.

*J. L. Graham,* for plaintiffs.

*J. A. Sidell,* for defendants.

*By the Court,* SUTHERLAND, J. The declaration contains but one count, and that is upon a promissory note made by one Scudder to the defendants, and by them endorsed to the plaintiffs. The plea alleges, that the plaintiffs at the time of making said note, were illegally engaged in issuing of notes, receiving deposits, making discounts, and of transacting all other business which incorporated banks may and do transact; that being so engaged, the note in question was made with *the intent,* and for the purpose of being discounted *by the plaintiffs, who, knowing said facts,* discounted the same in the usual course of their banking operations; by reason whereof, said note is void. The plaintiffs reply, setting up a right to carry on banking operations under their charter, and admitting that they did receive and discount the note in question in the usual course of their operations. To this replication the defendants demur; so that the only question presented by the pleadings is, whether the plaintiffs have banking powers under their charter, or not.

This question is settled by the case of *The People* v. *The Utica Insurance Company,* (15 *Johns. R.* 358,) and *The Utica Insurance Company* v. *Scott,* (19 *Johns. R.* 1.) This latter case, is in all respects like the one now before the court. There, as here, the action was upon *the security,* which was held to be void, and judgment was rendered for the defendant. Whether the money lent, and for which the security was given, can be recovered back in another form of action, is a question which does not arise in this case.

Judgment for the defendant on the demurrer.