## BAY and LIVINGSTON vs. GUNN.

In an action by endorsee against the makers of a promissory note endorsed by the payee and by another person, the first endorser, being released by the plaintiffs, is a competent witness in his behalf.

Where a note was made payable to " E. Moore, assignee of J. K. Van Ness," held that an endorsement by the payee, of his name without the addition, was sufficient, and passed the whole interest of the payee in the note.

Where the endorsee and holder of a promissory note endorsed it to the plaintiffs as collateral security for a debt of a less amount, due at a future day, and took the plaintiff's receipt for it, by which he agreed to return it upon payment of the debt for which he took it as security and to use all legal means to collect it if so directed by the party who transferred it to him, held that the plaintiff could sue the maker on the note before the debt, for which he received it, had become due, without the direction of the party who transferred it to him.

To a replication to a plea of infancy, setting up a ratification of the promises after the defendant came of age, the defendant rejoined denying such ratification after he came of age, held that the plaintiff might give evidence of such ratification at any time after the making of the original contract, and that it was then for the defendant to show that he was still a minor at the time of such ratification.

Where, in such a case, the action being on a note, the evidence of ratification was that the defendant said that he knew but little about the matter, as the transaction had been mostly managed by another person, that he thought the note had been paid or partly paid, and that his uncle would be there the next month and then it should be settled ; held that it was sufficient to be submitted to the jury.

Where, in an action in the common pleas against two, *non-assumpsit* was pleaded by each, and one plead *infancy,* and there was an issue upon the question of a ratification of the promise, and the entry on the record showed a verdict for the plaintiff on the issue of non-assumpsit, but did not notice the other issue, and there was a judgment against both defendants, it was held erroneous and was reversed.

ERROR to the Columbia common pleas. Gunn sued Bay and Livingston in the court below, and declared upon the money counts, annexing a copy of a promissory note to the declaration. Each of the defendants plead *non-assumpsit* separately, and Livingston put in an additional plea setting up *infancy;* to which the plaintiff *replied,* that after making the promises and undertakings in the declaration mentioned, and before the commencement of the suit, the defendant Livingston, to wit, on, &c. at, &c. attained his age of twenty-one years, and

*afterwards,* and before the commencement of the suit on, &c. at, &c. he assented to, ratified and confirmed the said several promises, &c. concluding with a *verification.* Livingston *rejoined* that he did not, *after he attained the age of twenty-one years,* and before the commencement of the suit, ratify or confirm the said promises, concluding to the country.

On the trial in September, 1841, the plaintiff offered in evidence a promissory note, which he proved to have been made by the defendant, and which was payable to "E. Moore, assignee of J. K. Van Ness," or order, for $1531, dated May 3d, 1839, payable ten days after date, which purported to be endorsed by E. Moore without any addition, (which endorsement was duly proved;) and by Jane Van Ness. The plaintiff offered Elisha Moore, the first endorser, as a witness, who was objected to as interested, and was released by the plaintiff. It was objected that he was still interested on account of his liability to Jane Van Ness, the second endorser, but the objection was overruled and the witness was sworn and proved the endorsement of Jane Van Ness. The defendants objected to the reading of the note in evidence on the ground that it was not, as alleged, properly endorsed, on account of the omission of the *addition* appended to the name of Moore in the body of the note; but the objection was overruled.

The defendants then gave in evidence a receipt signed by the plaintiff, by which he acknowledged that he received the note in question from Mrs. Van Ness, the second endorser, as collateral security for $618,66, being the amount of a note which the plaintiff held against her, and which was payable in six months from the date of the receipt; which receipt contained a further stipulation in these words: "I promise to return the above note to her, or to her order, on the payment of that sum and the interest thereon, and I do further agree to use all legal means in my power to collect the same, if so directed by the said Mrs. Jane Van Ness." It appeared that the note of Mrs. Van Ness had not been paid, and that this suit was commenced within six months after the date of the receipt, without any direction from her. The defendants' counsel moved for a

nonsuit on the ground that the suit was improperly brought, which was overruled. A witness for the plaintiff then testified that in March preceding the trial he, at the plaintiff's request, called on the defendant Livingston with the note and asked him to pay it. He replied that he knew but little about it, as the transaction upon which it was given had been mostly managed by Bay, the other defendant; that it had been paid or partly paid, as he thought, and that his uncle, a Mr. Van Ness, would be down the first of the ensuing month, and then it should be settled.

The court charged the jury that, under the pleadings, it was sufficient for the plaintiff to prove a new promise, after the time alleged by him in his replication that the defendant Livingston became of age, and then the defendant, to sustain his plea of infancy, must prove that he was a minor at the time of making the new promise. The court also charged that if the jury were satisfied that the defendant Livingston had acknowledged his liability on the note, and had intended to do so, and had promised that the note should be settled, he was liable to pay it, and that the plaintiff could recover; but if they were not so satisfied, the plaintiff could not recover against Livingston. The court also charged that no defence could be set up arising out of the *receipt,* because the defendants had not plead or given notice of it. The defendants excepted to the several decisions of the court and to the charge, and the jury found a verdict for the amount of the note against both defendants. A bill of exceptions was signed by the judges.

The entry of the verdict in the record does not allude to the issue arising out of the plea of infancy, but states simply that the jury found that the defendants did assume and promise, &c. and that they assess the damages, &c. The judgment was against both defendants for the amount of the verdict and costs.

*H. Hogeboom,* for the plaintiff in error, insisted, (1) That the witness Moore was interested, notwithstanding the release; (2) That the note was not properly endorsed; (3) That the plaintiff had no right to prosecute until the six months mention-

ed in the receipt had expired, unless so directed by Mrs. Van Ness, for which he cited *Douglass* v. *Wilkinson*, (6 *Wend.* 637 ;) (4) That the court erred in charging that the plaintiff need not prove that Livingston was of age at the time of the new promise, and in charging that the evidence was sufficient to authorize the finding of a new promise; and for this he cited *Goodsell* v. *Myers*, (3 *Wend.* 479 ;) *Millard* v. *Hewlett*, (19 *id.* 301 ;) *Gay* v. *Ballou*, (4 *id.* 403 ;) (5) That the record is imperfect and the judgment erroneous for the want of a finding upon the issue growing out of the plea of infancy. (*Bemus* v. *Beekman*, 3 *Wend.* 667 ; *Law* v. *Merrils*, 6 *id.* 272 ; *Boynton* v. *Page*, 13 *id.* 425.)

*M. Pechtel*, for the defendant in error, controverted the above positions, and cited *Spring* v. *Lovell*, (11 *Pick.* 417;) 2 *Phil. Ev.* 20 ; *Conroy* v. *Warren*, (3 *John. Cas.* 264 ;) *Borthwick* v. *Carruthers*, (1 *T. R.* 648 ;) *Bigelow* v. *Grannis*, (4 *Hill*, 206 ;) *Bigelow* v. *Grannis*, (2 *id.* 120 ;) *Goodsell* v. *Myers*, (*cited supra.*)

*By the Court*, BRONSON, Ch. J.   The witness Moore was the first endorser of the note. If he had any interest in this action against the makers, there can be no doubt that the release by the plaintiff rendered him a competent witness.

The note is payable to "E. Moore, *assignee of J. K. Van Ness*, or order," and it is endorsed generally "E. Moore," without any addition.   The endorsement is sufficient to pass all the payee's interest in the note, whether he held it in his own right, or as assignee for the benefit of some one else.

The endorsement and delivery of the note by Mrs. Van Ness, after it had been endorsed by the payee, transferred the legal title to the plaintiff, and he clearly had a right to sue.

Under the pleadings in relation to the infancy of Livingston, it was sufficient for the plaintiff to show a new promise or ratification by Livingston in March, 1841; or, indeed, at any time after the making of the note.   It was then for Livingston to

show that he was still under age at the time of the ratification. (*Bigelow* v. *Grannis*, 4 *Hill*, 206.)

On looking at the whole charge, I think the question of fact whether Livingston had ratified the original promise was fairly left to the jury. Whether they found for the plaintiff upon insufficient evidence, or not, is a question which, upon a writ of error, we cannot consider.

What the court said about pleading or giving notice of the receipt is a matter of no consequence. The receipt has no tendency whatever towards making out a defence to the action.

On the bill of exceptions all is well enough. But there is a fatal error in the record. The jury have passed upon the first issue, and found that the defendants did undertake and promise; but they have taken no notice whatever of the issue joined on Livingston's plea of infancy. This is not like the case of *Thompson* v. *Button*, (14 *John.* 84,) where the defendant held the affirmative of the second issue, and the court said the jury could not have found the first issue for the plaintiff if the defendant had made out his justification. Here, the plaintiff held the affirmative of the second issue; and the jury may well have found the first issue, or the original promise, in favor of the plaintiff, although there was no proof of a subsequent ratification by Livingston. We know by the bill of exceptions that the question of ratification was tried; but that cannot aid the defect in the judgment record. It there appears that the court below gave judgment in the plaintiff's favor, when the jury had passed upon only one of the two issues, in both of which he held the affirmative. The bill of exceptions furnishes evidence that the record ought to be amended; but that is no better than evidence by affidavit. An amendment must be made, before the error will be cured.

Judgment reversed.