## Moss *vs.* Livingston.

A bill was drawn on and accepted by " J. R. L. president of the Rosendale Manufacturing Co." That company was a corporation and J. R. L. was the president. The bill was drawn by one of the agents of the company in favor of another agent, and by the latter indorsed to the plaintiff, who received it on account of a debt due him from the company for wages; but there was no proof that J. R. L. was authorized to bind the company by the acceptance. *Held*, that an action on the acceptance was properly brought against J. R. L. individually, instead of against the corporation.

Appeal from the superior court of the city of New-York, where the cause was tried before Oakley, C. J. The plaintiff had a verdict. That court on a case made affirmed the decision at the trial, and after judgment the defendant appealed to this court. The case is stated in the opinion of Hurlbut, J.

*Bell & Coe,* for appellant.

*S. W. Rosevelt,* for respondent.

Hurlbut, J. The declaration in this case contained the common money counts, with a notice subjoined, to the effect that the only cause of action on which the plaintiff relied, was a bill of exchange; a copy of which was set out in these words :

" Eagle River, August 20, 1846.
Sixty days after sight, please pay to the order of Charles El-

lett, sup't three hundred dollars value rece'd and charge [209] the same as advised.                    ABRAHAM MORRELL.

To John R. Livingston, Jr.

        President Rosendale M'ng Co., New-York.

[Indorsed]

        Pay to the order of Theodore F. Moss, Esq.

                        CHARLES ELLETT, Sup't.

Accepted Sept. 14, 1846.        JOHN R. LIVINGSTON, Jr.

                President Rosendale M'ng Co. 16 Wall-st."

The defendant pleaded non-assumpsit and payment. On the trial the plaintiff offered the bill in evidence, and it was received by the court, although objected to by the defendant, on the ground as it would seem from the points now presented, that the declaration did not describe the defendant as president of the Rosendale Manufacturing Company, nor contain an averment that the defendant and the president of that company were one and the same person.

There is nothing in this objection. The addition to the defendant's name which was contained in the bill, must be taken as descriptive of his person, rather than as qualifying the obligation which he assumed. The pleader was, therefore, correct in omitting this description in the declaration, and the bill was properly received in evidence under it.

There was a motion for a nonsuit, which was based on the following conceded facts : That there existed a corporation under the laws of this state, called the "Rosendale Manufacturing Company," having an office in New-York, and which was engaged in smelting copper ore. That the defendant was its president, and that Ellett the payee and Moss the plaintiff were its agents in various capacities ; and that the bill in suit was drawn by the agent at Lake Superior, and paid to the plaintiff for his wages due from the company.

Are these facts sufficient to defeat the obligation of the bill in respect to the defendant? The plaintiff received it for a valuable consideration. It is in the proper form of a bill of exchange, and we must intend that it was made and indorsed to him with the intention of binding either the company or the

[210] parties whose names appear upon it, according to its legal import and effect. Upon the facts presented, the company might very properly have become bound by a bill to pay the plaintiff; but at the same time, it was competent for their agents or officers to assume to pay in their stead; and there is nothing in the case nor on the face of the bill itself, which in judgment of law negatives such an intention on their part. The bill can not be deemed the obligation of the company. It does not purport to have been drawn in their behalf, nor was it addressed to them, or accepted in their corporate name. They were not, therefore, bound by it. (*Chit. on Bills, ed. of* 1826, *p.* 38 ; *Mott* v. *Hicks,* 1 *Cowen* 513 ; *Barker* v. *The Mechanics' Fire Ins. Co.* 3 *Wend.* 94.)

In order then to give it any legal effect, we must hold it to be the private act of the parties whose names are written upon it, and binding upon them as an ordinary bill of exchange. (*Hills* v. *Bannister,* 8 *Cowen,* 31 ; *Taft* v. *Brewster,* 9 *John.* 335, *and n. a.; Bay* v. *Gunn,* 1 *Denio,* 108.)   The judgment must be affirmed.

All the judges of the court concurred in opinion that the judgment should be affirmed ; several of them, on the ground that the defendant did not show himself authorized to bind the corporation by the acceptance in question.(*a.*)

Judgment affirmed.

---

(*a*) See *Brockway* v. *Allen,* (17 *Wend.* 40.)