Planing Mill Lumber Company *et al.* and David Kreigh

*v.*

The City of Chicago.*

1. Placita — *necessity thereof.* Where the record in the court below, as shown by the transcript filed in this court, contains no *placita* or conven· ing order of the court, such defect is ground for reversal.

2. Same — *whether aided by bill of exceptions.* Nor could the defect be aided by the bill of exceptions. A bill of exceptions is really and practic- ally no part of the record till after judgment, and it would be a perversion of its uses to make it aid the defects of the judgment record.

3. Bill of exceptions should be sealed by the judge who tried the cause.

Appeals from the Superior Court of Chicago.

The opinion states the case.

Mr. Edward Roby, for the appellants.

Mr. M. F. Tuley, for the appellee.

---

* This case and the following thirty cases were considered in the same opinion: *Lawrence Young et al.* and *Obadiah Jackson* v. *The City of Chicago; Henry Ulrich et al.* and *Walter N. Woodruff* v. *Same; Governor et al.* and *Benjamin Wilder* v. *Same; C. C. & I. C. R. R. Co. et al.* and *Nicholas B. Rapplege et al.* v. *Same; E. Blackman et al.* and *T. S. Fitch et al.* v. *Same; E. Blackman et al.* and *Obadiah Jackson* v. *Same; Dan- iel Thompson* v. *Same; Chicago & Great Eastern Railroad Co.* and *Anna Cooper* v. *Same; Charles Follansbee* v. *Same; J. Kinnard et al.* and *Obadiah Jackson* v. *Same; A. Shultz et al.* and *Clara S. Mason* v. *Same; Isaac Crosby* v. *Same; Henry Ulrich et al.* and *Martin O. Walker* v. *Same; Samuel M. Nickerson* v. *Same; Estate G. W. Ew- ing et al.* and *John C. Haines* v. *Same; Lawrence Young et al.* and *S. C. Benham* v. *Same; Clara S. Mason* v. *Same; Charles A. Gregory* v. *Same; Timothy S. Fitch* and *John Fitch* v. *Same; Hart L. Stewart* v. *Same; Elijah M. Haines et al.* v. *Same; Oba- diah Jackson* v. *Same; George A. Bickerdike* v. *Same; W. S. Johnston et al.* and *Wil- liam T. Johnston* v. *Same; O. L. Mann et al.* and *Jane Beauchamp* v. *Same; William S. Johnston* v. *Same; Charles V. Dyer* v. *Same; Walter W. Allport* v. *Same; G. W. Miller et al.* and *W. W. Allport* v. *Same;* and *Martin O. Walker* and *Robert Hill* v. *Same.*

Mr. Justice McAllister delivered the opinion of the Court:

It is a singular circumstance, that, in all the thirty-one fore-going cases, there is not one record which contains a *placita* or convening order of the court. The same defect is apparent, also, in twenty-two other cases, brought from the same court, to, and decided at, the present term of this court. *Rich and others* v. *The City of Chicago.* Thus making fifty-three cases at one term; all coming from the same clerk's office, in which the records are all wanting in this obvious requirement of a good record.

It is a matter of regret that we are compelled to reverse these cases for such a defect. But the records are submitted to us in this condition, and the point made. We must therefore reverse, or say that we will dispense altogether with a require-ment of the common law, as old as the law itself. So long as justice is administered under the common law, we must adhere to all the substantial forms of that system, except so far as they have been abolished by the legislative department of the State. The experience and wisdom of ages have taught, that these forms are necessary to prevent legal proceedings from degen-erating into such looseness and confusion as to render rights acquired under them insecure, and the salutary maxim that a man shall not be twice vexed for one and the same cause, diffi-cult, if not wholly impracticable, of application.

The counsel for the appellee has suggested, that the defect may be aided by the bill of exceptions. This can not be so. The reason why the judgment is not valid is, because it does not appear that there was the proper organization of a court by which a lawful judgment could be rendered. If there were no authority, so far as the record shows, to render the judgment, where is there any to make a valid bill of exceptions? We take judicial notice that the Superior Court of Chicago was, at the time of these proceedings, composed of three judges. The report of the collector is addressed to three judges. Each judge is authorized to hold a separate branch of the court,

20 — 56th Ill.

at the same time. In such case the bill of exceptions should be sealed by the judge who tried the cause. *Law* v. *Jackson*, 8 Cow. 747. There is nothing in either bill of exceptions, or any part of any of the records, to show that the cases were tried before the judge who signed the bills of exceptions. When the record proper is complete, showing the organization of the court, and jurisdiction, presumptions will be indulged. But here, the proposition is, to supply a defective record by a defective bill of exceptions.

It is not the office of a bill of exceptions to supply any part of the record proper. It is to preserve the rulings of the court upon matters of law, for the purpose of having them reviewed by the appellate court. It is authorized by statute, because without it those matters would form no part of the record. By the English practice, though the bill of exceptions was required to be tendered at the time of trial and sealed by the judge in court, yet the original bill was carried into the court of errors, and there annexed to the record.

By our practice, the bill of exceptions is filed in the court below. The statute is: " If during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow the said exception, and to sign and seal the same, and the said exception shall thereupon become a part of the record of such cause." Scates' Comp. 263. But whether it shall become a part of the record of the cause, before judgment, and in the court below, the statute does not say.

Under the English practice, the bill of exceptions was regarded as no part of the record till after judgment. *Gardner* v. *Baillie*, 1 Bos. & Pull. 32; 2 Tidd's. Pr. 865.

Notwithstanding the practice here, of filing the bill of exceptions in the court below, and sending a transcript, instead of the original, to the appellate court, it is difficult to see how it has any operation as a part of the record till after judgment. In a large majority of the cases, it is never signed and sealed

till after judgment.   But, if actually done during the progress
of the trial, it performs no office whatever in that court; the
cause proceeds and judgment is given as if there were no bill
of exceptions.   If the jury fail to agree, or a mis-trial occur for
any other reason, so that judgment does not follow, it goes for
naught, and would be of no avail before or after judgment
had, upon another trial.   If it be a part of the record before
judgment, it must become so the instant it is signed and sealed
by the judge and filed by the clerk.   To-day, while the cause
is on trial, it is a part of the record.   To-morrow, when the
jury fail to agree and are discharged, it ceases to be any thing
but a void paper.   The more reasonable conclusion is, that it
is really and practically no part of the record till after judg-
ment; and, if so, with what propriety can it be used in aid of
the record of the judgment?   In *Wilber* v. *Widner*, 1 Wend.
56, which was an action of slander, the declaration throughout
was in the name of *David* K. Widner, and the judgment was
in favor of *Daniel* K. Widner, so that, upon the face of the
record, *Daniel* had recovered a judgment against the defendant
for a slander uttered against *David*.   SUTHERLAND, Justice,
said: " No doubt it was a mistake, and enough appears in the
bill of exceptions to authorize the amendment, on a proper
application for that purpose; but the bill of exceptions can not
be used in aid of the record, and there is nothing in the record
to amend by."

*Bay* v. *Gunn*, 1 Denio, 108, was an action against two;
*non assumpsit* was pleaded by each, and infancy by one.
There was an issue upon the question of ratification of the
promise ; the entry of the record showed a verdict for plaintiff
on the issue of *non assumpsit*, but did not notice the other issue,
and there was judgment against both defendants.   BRONSON,
Ch. J., said : " We know by the bill of exceptions that the
question of ratification was tried ; but that can not aid the
defect in the judgment record.   It there appears that the court
below gave judgment in the plaintiff's favor, when the jury
had passed upon only one of the two issues, in both of which

he held the affirmative. The bill of exceptions furnishes evidence that the record ought to be amended; but that is no better than evidence by affidavit."

We are satisfied that it would be a perversion of the uses of a bill of exceptions to make it aid the defects of the judgment record.

For this defect the judgments must be reversed and the causes remanded.

*Judgments reversed.*