The writ must be set aside.

---

EXCHANGE NAT. BANK OF PITTSBURGH *v.* THIRD NAT. BANK OF NEW YORK.

*(Circuit Court, D. New Jersey.  October 2, 1880.)*

1. BILL OF EXCHANGE—ACCEPTANCE—AGENT.—An agent for the collection of a bill of exchange is liable, if he fails to notify his principal when such bill has been duly presented and acceptance according to its tenor refused.

2. SAME—SAME—SAME.—Certain bills of exchange addressed to "Walter M. Conger, secretary Newark Tea-Tray Company, Newark, N. J," were forwarded to the defendant bank for collection, without special instructions from its principal, or any information which might qualify or explain the import of the bills upon their face. The bills were duly presented to Walter M. Conger, and were accepted in writing across their face, as follows: "Accepted. Payable at the Newark National Banking Company. Walter M. Conger." *Held*, in view of the facts, and in view of the decisions of the courts of the state in which the drawee of the bills resided, and where they were to be accepted and paid, and of concurrent decisions elsewhere, that the defendant did not commit any breach of duty in taking the acceptance in this form.

———, for plaintiff.
———, for defendant.

McKENNAN, C. J.  This suit is brought to recover the amount of 11 several drafts discounted by the plaintiff, and transmitted to the defendant for collection, and alleged to have been lost by the defendant's negligence in receiving an improper acceptance thereof, and in not causing the same to

be protested for non-acceptance, and due notice to be given to the plaintiff. A jury was dispensed with, and the case heard by the court upon the evidence submitted.

The following facts are found as the result of this evidence:

*First.* That the plaintiff is the holder of 11 drafts for various sums, amounting altogether to $12,292.58, which were drawn by Rogers & Burchfield, at Pittsburgh, to the order of J. D. Baldwin, and by him indorsed on Walter M. Conger, secretary Newark Tea-Tray Company, Newark, N. J.

*Second.* These drafts bear different dates, from June 8, 1875, to September 20, 1875, and are in all respects similar, except as to the sums payable, and are in the following form:

$1,042.75.                                      PITTSBURGH, June 8, 1875.

Four months after date pay to the order of J. D. Baldwin ten hundred and forty-two and 75-100 dollars, for account rendered, value received, and charge to account of

ROGERS & BURCHFIELD.

*To Walter M. Conger, Secretary Newark Tea-Tray Co., Newark, N. J.*

*Third.* They were transmitted for collection at different times before maturity by the plaintiff to the defendant, in letters describing them by their numbers and amounts, and by the words "Newark Tea-Tray Co.," and were sent by the defendant to its correspondent, the First National Bank of Newark, enclosed in letters describing them generally in the same way.

*Fourth.* By the First National Bank of Newark they were presented for acceptance, and, with one exception, were accepted, by writing on the face of them as follows: "Accepted. Payable at the Newark National Banking Co. Walter M. Conger."

*Fifth.* The First National Bank of Newark held them for payment, but the plaintiff was not informed of the form of the acceptances until the thirteenth and nineteenth of October, 1875. Two of the drafts were returned to it by the defendant when both the drawers and indorsers were insolvent.

*Sixth.* At the time when the drafts were discounted by the plaintiff the drawers were in good credit; but none of them have been paid, and they were duly protested for non-payment.

*Seventh.* The Newark Tea-Tray Company is a corporation created by the laws of New Jersey, and doing business in that state, and Walter M. Conger was its secretary.

The question, upon these facts, is, was the defendant guilty of negligence in the discharge of its duty as the plaintiff's agent, whereby the plaintiff was subjected to loss?

What, then, was the duty of the defendant? The drafts were payable at a certain future day, and were sent to the defendant for collection. As was said by *Selden,* J., in *Walker* v. *The Bank of the State of New York,* 9 N. Y. Rep. 582–584, "that any agent, whether it be a bank or an individual, receiving a note or bill from the holder for collection, is responsible for any loss which the holder may sustain on account of any neglect in presenting it or in giving notice of its dishonor; that it is the duty of an agent who receives for collection a bill of exchange, payable at some future time, to use due diligence in presenting the same for acceptance, and if he fail to do so, or fail to give notice in case acceptance is refused, he will be liable." Failure to present a bill for acceptance before maturity by an agent to whom it is entrusted for collection, without special instructions, will not constitute want of due diligence, because acceptance before the day fixed for payment is not necessary to hold the drawer and indorser, as was held in *Bank of Washington* v. *Triplett,* 1 Pet. 25; but if it is presented, and acceptance according to its tenor is refused, if the agent fail to give notice he will be liable. The drafts here were addressed to "Walter M. Conger, secretary Newark Tea-Tray Company, Newark, N. J.," were duly presented to him, and were accepted in writing across their face, as follows: "Accepted. Payable at the Newark National Banking Company. Walter M. Conger."

It is contended by the plaintiff that the drafts were addressed to the Newark Tea-Tray Company, and that the acceptances were not by that company, but by Walter M. Conger, individually, and that, by taking them in this form,

the defendant caused the loss to the plaintiff of the drawers of the bills; and upon this hypothesis the right of the plaintiff to recover entirely depends.   It is urged with equal earnestness, on the other side, that in legal effect the drafts were drawn on Walter M. Conger, with the suffix of secretary as matter of personal identification, and that the acceptances were by the proper person, in his proper character.

The most that can be imputed to the defendant is that it erred in judgment *as to the import of the address upon the* bills, and therefore did not cause them to be protested for non-acceptance, and notice to be given to the parties.   Is this unfaithfulness or negligence in a sense which will subject the defendant to liability for the loss complained of?   Whether the defendant was bound to present the drafts for acceptance before their maturity or not, it certainly evinced a disposition to fulfil its agency with diligent faithfulness, by promptly presenting them for acceptance to the person named as drawee.   And this it did without special instructions from its principal, and without any information which might qualify or explain the import of the drafts upon their face, or repel the presumption arising from the restricted functions of the secretary of a corporation, that he was not its financial representative.   Thus left to the exercise of its own judgment, when it regarded Mr. Conger as in his individual character it did not fall into a culpable or irrational error, because it followed the evidence of the decisions of courts of the highest standing upon the subject.

In *Kean* v. *Davis,* 1 Zab. 683, a case decided by the supreme court of the state, in which the acceptances here were made and were payable, and therefore of special if not of decisive significance, it was held that a bill signed "John Kean, president Elizabethtown & Somerville Railroad Company," was to be taken as *prima facie* the individual bill of John Kean; but, inasmuch as the railroad company was named in the body of the bill as payee, such an ambiguity existed as to render parol evidence admissible to explain it, and show that the bill was drawn in behalf of the company.

In *Moss* v. *Livingston,* 4 N. Y. 208, a bill was drawn on "John R. Livingston, Jr., president Rosendale Mining Com-

pany, New York," and was accepted by "John R. Livingston, Jr., president Rosendale Mining Company, 16 Wall street," and the court held that the company was not bound by it, saying: "The bill cannot be deemed the obligation of the company. It does not purport to have been drawn in their behalf, nor was addressed to them, or accepted in their corporate name. They were not, therefore, bound by it. In order, then, to give it any legal effect, we must hold it to be the private act of the parties whose names are written upon it, and binding upon them as an ordinary bill of exchange."

There are many other cases of similar tenor which hold that affixing an official or representative designation to the name of a promissor will not change the personal import and character of an obligation which does not indicate a different liability on its face. These cases are collected in 1 Daniell on Neg. Inst. § 455*d*, and in the note to *Burlingame* v. *Brewster*, 22 Amer. Rep. 177, to which no more than this general reference is needed.

Now, that there are cases in conflict with these referred to is undeniable; but, whether the preponderance of authority is in favor of the plaintiff's or the defendant's contention, is indecisive of this case. Intelligent and cautious judgment, upon the information with which it was supplied, and reasonable diligence, are the conditions which the defendant engaged to fulfil. If, then, in accordance with the decisions of the courts of the state in which the drawee of the drafts resided, and where they were to be accepted and paid, and of concurrent decisions elsewhere, it treated them as drawn on Walter M. Conger, and took his acceptances accordingly, it did not commit any breach of duty, and the plaintiff cannot recover.

Moreover, the plaintiff alone knew who was the intended drawee, as understood between it and the drawers. Of this its agent ought to have been advised, that it might have a certain guide in the performance of its duty. But the plaintiff omitted to furnish this information, and now seeks compensation for an alleged injury, which the exercise of thoughtful diligence on its part would have averted. If there was

any error of judgment by the defendant, the plaintiff is by no means blameless.

There must, therefore, be a judgment for the defendant, upon the facts found by the court, which the clerk is hereby directed to enter.