## City Court.

### Trial Term—March, 1886.

### WYCKOFF against RAY.

Where a note, check or draft is indorsed John Doe, "prest.," "cashier," or "treasurer," it may be the obligation of the corporation Doe represents, if the act be for its benefit, but where the intention is clear that the act was intended to create an individual liability, Doe is personally liable.

McAdam Ch. J.—Where a note, check or draft is indorsed John Doe, "prest.," "cashier," or "treasurer," it may be the obligation of the corporation John Doe represents, because the individuals holding these responsible positions are the chief financial agents of the institution, through and by whom it acts, and if the indorsement be for the exclusive benefit of the corporation, and as its act, the suffix of " prest.," " cash.," or "treas." may shield the officer from personal liability (1 *Daniel on Neg. Ins.* §

417). I use the word "may" because the rule suggested is not immutable; it has its exceptions (see 4 *N. Y.* 208; 9 *Id.* 571). For example the same strictness is not required in the execution of commercial paper "between banks," that is necessary between individuals, as the indorsement by a cashier in his official capacity sufficiently shows that the indorsement is made for his bank (19 *N. Y.* at p. 318). Upon this ground, prefixing the name of the corporation is a mere ceremony, rendered unnecessary by the maxim, that "an expression in a contract which the law implies works nothing" (19 *N. Y.* at p. 319). But this action is between individuals and the indorsement was not the act of the corporation.

The following among other reasons establish personal liability against the defendant.

The note is signed by the "Ray Manufacturing Co., Jas. D. Ray, prest." This made the note the corporate act of the corporation. It was payable to "Wm. H. Beall," and was by him indorsed. Nothing further was needed to charge the corporation. The subsequent indorsement, "Jas. D. Ray, prest.," was not required to pass title; it was intended to create an individual responsibility, or it is without legal significance. The law will not infer that this indorsement was put there without a purpose. Its only object could have been to charge Ray individually. In other words, to add him as a party to the obligation, the suffix "prest." being in this instance merely *descriptio personæ* of the person sought to be charged. It did not exempt him from personal responsibility as indorser. The plaintiff declined to take the note, unless the defendant indorsed it. This meant an individual indorsement, as the corporation was already liable on the note as maker. The money given for the note did not go into the treasury of the corporation. It went to the defendant, who gave it to his daughter. It was to an extent his personal transaction. These circumstances impress on the defendant's act an individual interest and liability as indorser, and

show that credit was given to him as an individual, not as an official (see 4 *N. Y.* 208 ; 9 *Id.* 571, *supra*), and this I find as a matter of fact (97 *N. Y.* 635).

I therefore find in favor of the plaintiff for the sum of $1,106.76, with costs.