MERCHANTS' NATIONAL BANK OF GARDINER, KENNEBEC COUNTY, MAINE, RESPONDENT, v. JOHN CLARK AND ANOTHER, APPELLANTS, IMPLEADED WITH ANOTHER, DEFENDANT.

*Bills and notes — principal and agent — when a note signed by its officers is not that of a corporation —* bona fide *holder — notice — knowledge of an officer in his individual capacity.*

An action was brought upon a promissory note in the following form:

" $5,000. BROOKLYN, N. Y., *Sept.* 1, 1890.

" Three months after date we promise to pay to the order of Clark & Chaplin Ice Co., Five Thousand Dollars, at Mechanics' Bank. Value received.

"E. H. CLOSE, *Treas.*
"JOHN CLARK. *Prest.*"

Upon the edge of the note was printed " Ridgewood Ice Co." Clark was president and Close was treasurer of the company, and they had power to make notes for it.

*Held,* that it was the individual note of Clark and Close.

That as the name of the company was not contained in the body of the note, the printed words in the margin being no part of it; as the words of promise were " we promise to pay," and as Clark and Close signed their individual names,

merely adding their official designations, they must be held to have executed the note as principals.

In order to show that the plaintiff, a bank, was not a *bona fide* holder of the note, one of the defendants was asked whether he had had a conversation with the president of the bank, in which the latter stated that when the bank received the notes it knew that they were those of the company. The answer to this question was excluded.

*Held*, that this was proper.

That the question called for nothing but knowledge acquired by the president, as a private person, and that this did not bind the bank.

APPEAL by the defendants, John Clark and Edwin H. Close, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 22d day of June, 1891, upon a verdict for the plaintiff for $10,315.94 after a trial at the Kings County Circuit before the court and a jury.

*Henry Daily, Jr.*, for the appellants.

*Edward B. Merrill*, for the respondent.

DYKMAN, J.:

This is an action upon two promissory notes in this following form:

RIDGEWOOD ICE CO.

$5,000.                         BROOKLYN, N. Y., *Sept.* 1, 1890.

Three months after date we promise to pay to the order of Clark and Chaplin Ice Co. Five Thousand Dollars at Mechanics' Bank. Value received.

E. H. CLOSE, *Treas.*

JOHN CLARK, *Prest.*

The other note is precisely like this.

Clark was the president of the Ridgewood Ice Company and Close was its treasurer, and they were clothed with power to issue commercial paper for the corporation, and these notes seem to have been made in the usual course of business. They were forwarded to the payee, and by it indorsed over to the plaintiff.

The cause was tried at the circuit where a verdict was directed for the plaintiff for the full amount of both notes, and the defendants, Clark and Close, have appealed from the judgment entered upon that verdict

The action is defended by them upon the theory that the notes are the obligations of the company of which they were officers, and not

their individual paper, and we are to ascertain whether their defense is meritorious. Whether the contract evinced by the notes is obligatory upon the defendants personally or upon the company, whose officers they are, depends upon the interpretation to be placed upon the instruments.

If, as we must assume, these appellants intended to execute valid instruments which would be obligatory upon the maker, it was very necessary for them, if they desired to avoid personal liability, to use plain words to denote such purpose. Preliminarily, it may be remarked that a liberal construction is ordinarily adopted in the interpretation of commercial instruments, and if from such an exposition it can be reasonably concluded that the intention was to bind the principal, and not the agent, the courts will adopt that construction. (Story on Promissory Notes, § 69.)

Let us now see what intention is expressed by these instruments. In the first place, the name of the Ridgewood Ice Company is not contained in the body of the notes, and the name of the company printed in the magin is no part of the notes. Neither did the appellants undertake to sign for this company or to bind it in anyway. They say in the notes, " We promise to pay," and sign their individual names with the addition of their official designation. Thus, there is the entire absence of any language indicative of an intention to charge their company or exempt themselves from personal liability.

If an agent desires and intends to bind a principal, he must contract in his name, and that is the cardinal rule which must control this appeal, for there is nothing in the body of these notes or in the manner in which they are executed indicative of an intention to exempt themselves from liability.

The security of the holder of commercial paper must always appear upon the face of the bill. Makers and indorsers, acceptors and drawers are responsible only because they have executed the instrument. Any other rule would launch the commercial world upon a sea of uncertainty. We do not intend to say that negotiable paper must be signed by a party personally. It may be executed by an agent or an officer, but the name of the principal must appear in the paper, and the mere addition of the official title of

the agent or officer is only a personal description, and is insufficient of itself to constitute an exemption from personal responsibility.

The foregoing observations are sustained by the following authorities: *Moss* v. *Livingston* (4 N. Y., 208); *De Witt* v. *Walton* (9 id., 571); *Stone* v. *Wood* (7 Cowen, 453); *Pentz* v. *Stanton* (10 Wend., 271); *Taft* v. *Brewster* (9 Johns., 334).

If there are decisions which seem to form an exception to the general rule, they will be found in cases where the name of the principal appeared upon the instrument and the court, in pursuance of the inclinations we have noticed above, has adopted a liberal construction to deduce an intention to bind the principal, and not the agent.

There remains, however, another question for examination. In the answer of these appellants they say their company was incorporated and had a contract with the Clark and Chaplin Ice Company for ice, and that these notes were made by them in the usual course of business for the benefit of the company, in payment for the ice furnished under such contract; and that the plaintiff had knowledge of such facts, and the proof of those allegations in the answer would constitute a valid defense to this action. (*Bank of Genesee* v. *Patchin Bank*, 19 N. Y., 312.)

The payee in these notes could not recover upon them against these defendants, because it was in full possession of all the facts and had notice that they were made for the company in payment for its liability by its officers, with ample authority in the usual course of its business. The plaintiff, however, claims to recover as an innocent holder for value without notice, and it was competent for the defendants to disprove their innocence by proof of notice, and they made an effort in that direction upon the trial by asking this question of the defendant when he was under examination as a witness: "Before the commencement of this suit had you conversation with Mr. Dennis, the president of the plaintiff, with regard to these notes in which he told you that at the time the bank received these notes they knew that they were notes of the Ridgewood Ice Company and given upon this contract? (Defendants' exhibit 3.) Objected to.

"The COURT — It is sustained on the ground that the declarations of the president are not competent evidence against the bank. (Defendants except.)"

This question called for nothing but knowledge acquired by the president as a private person, and that was insufficient to charge the bank with notice; where notice or information is received by an officer of a bank in his official capacity the bank is presumed to have it, otherwise if it is received as a private individual. (*Atlantic State Bank* v. *Savery*, 18 Hun, 36; affirmed, 82 N. Y., 291.)

The exception, therefore, presents no error and the judgment should be affirmed, with costs.

Barnard, P. J., and Pratt, J., concurred.

Judgment affirmed, with costs.